[No. 6576-6-III.   Division Three.   November 12, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. KIM MICHAEL JEFFRIES, *Appellant.*

*William J. Monnette* and *Young, Monnette & Vandegrift, P.S.,* for appellant (appointed counsel for appeal).

*Kenneth O. Eikenberry, Attorney General, Dorothy C. Bullitt* and *Linda D. McQuaid, Assistants,* and *Pamela A. Morse, Legal Intern,* for respondent.

McINTURFF, A.C.J.—Kim Michael Jeffries appeals an order which directs him to pay restitution of $18,514.19 to the Washington State Department of Labor and Industries. We affirm.

Mr. Jeffries was sentenced for second degree assault on December 13, 1983. He was given a 4–year suspended sentence pursuant to RCW 9.92.060 on the condition, *inter alia,* he serve 120 days in jail and pay restitution according to an order to be filed after a hearing.

The restitution hearing was held on May 8, 1984. By stipulation, a letter from the Department was admitted into evidence. The letter stated that the Department had paid the assault victim, Kenneth Nolte, $18,514.19 as the innocent victim of a crime. RCW 7.68.010 *et seq.* $14,000 was paid for the victim's disability resulting from the loss of

an eye, and the other $4,514.19 was for medical bills and related expenses.

Mr. Jeffries testified that while on work release for the last 60 days of his jail sentence, he had started his own auto body repair business. His anticipated monthly expenses were estimated at $635. His other accrued long–term debt was approximately $5,700 at the time of the hearing. Mr. Jeffries testified that by operating his own auto body business, he could earn as much or more as he could by working for another shop. He further indicated his assets were $2,000 in shop tools and a 1964 automobile.

At the conclusion of the hearing, the court entered an order of restitution which modified the judgment and sentence to require Mr. Jeffries pay $18,514.19 as restitution to the crime victims section of the Department. The order also extended the probationary period to 10 years to allow complete payment of the restitution.

Mr. Jeffries appeals, contending: (1) the superior court is without statutory authority to order restitution to the Department as a condition of the suspended sentence, and (2) the court abused its discretion by ordering the payment of the entire $18,514.19 in light of his ability to pay.

First, Mr. Jeffries contends the court exceeded its authority by ordering restitution be paid to the Department, citing *State v. Theroff,* 33 Wn. App. 741, 657 P.2d 800, *review denied,* 99 Wn.2d 1015 (1983) and RCW 9.92-.060. We disagree.

The order requiring Mr. Jeffries to reimburse the Department does not conflict with our holding in *Theroff.* There, we reversed a probation order requiring Mr. Theroff to pay $10,000 to a third party charity because we held the charity suffered no loss or damage from the crime, and the trial court had thus exceeded its statutory authority.

██ Unlike the third party charity in *Theroff,* the Department has suffered a genuine loss as a result of the payment to Mr. Nolte. The Department's loss in this case is analogous to that in *State v. Barnett,* 36 Wn. App. 560, 675 P.2d 626, *review denied,* 101 Wn.2d 1011 (1984), where the

court held that an insurance company which compensated the victim for losses from the criminal actions of Mr. Barnett was entitled to recover those losses as restitution.

Mr. Jeffries argues the Department is not a "person" within the meaning of the restitution statute, RCW 9.92-.060.[1]

RCW 1.16.080 defines "person" for purposes of the entire code. Clearly, the term person may include the State or any of the State's agencies, including the Department herein. *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 374, 561 P.2d 195 (1977); *Loger v. Washington Timber Prods., Inc.*, 8 Wn. App. 921, 928, 509 P.2d 1009, *review denied*, 82 Wn.2d 1011 (1973).

Nor is the restitution statute, RCW 9.92.060, in conflict with the innocent victims statute, RCW 7.68.120,[2] as Mr.

---

[1]RCW 9.92.060 reads in pertinent part: "[T]he court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, . . . the court may require the convicted person to make such monetary payments, on such terms as the court deems appropriate under the circumstances, as are necessary . . . (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question . . . the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement, . . ."

[2]RCW 7.68.120 reads:

"*Any person who has committed a criminal act which resulted in injury compensated under this chapter may be required to make reimbursement to the department as hereinafter provided.*

"(1) Any payment of benefits to or on behalf of a victim under this chapter creates a *debt* due and owing to the department by any person found to have committed such criminal act in either a civil or *criminal court proceeding* in which he is a party: *Provided, That where there has been a superior* or district court order, or an order of the board of prison terms and paroles or the department of social and health services, as hereinafter provided, the *debt shall be limited to the amount provided for in said order. A court order shall prevail over any other order.*

"(2) Upon being placed on work release pursuant to chapter 72.65 RCW, or upon release from custody of a state correctional facility on parole, any convicted person who owes a debt to the department as a consequence of a criminal act may have the schedule or amount of payments therefor set *as a condition of work release or parole by the department of social and health services or board of prison terms and paroles respectively, subject to modification based on change*

Jeffries contends.

It is a settled rule of statutory construction that where two or more legislative enactments relate to the same subject matter, and are not in actual conflict, they should be interpreted to give meaning and effect to all the separate statutes. *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970). Another rule of statutory construction is that where more than one statute has been enacted by the same legislative authority, relating to the same subject matter, the entire sequence of the statutes enacted should be considered in placing a judicial construction upon any one of the statutes. *In re Marriage of Little*, 96 Wn.2d 183, 634 P.2d 498 (1981).

Applying these rules to RCW 1.16.080, RCW 7.68.120, and RCW 9.92.060, we conclude the Legislature intended the Department to be a "person" entitled to benefits from a restitution in a criminal case fixing the actual amount to be paid back to the Department. The court had the authority and jurisdiction to enter the order of restitution challenged herein.

Lastly, Mr. Jeffries contends that even if the court had the authority to order restitution be paid to the Department, the court, nevertheless, abused its discretion by ordering the entire $18,514.19 be paid in view of his lack of resources, citing *Bearden v. Georgia*, 461 U.S. 660, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983). Mr. Jeffries' reliance on *Bearden* is misplaced, given the procedural posture of the instant case. *Bearden* dealt with the actual revocation of a defendant's probation because of his inability to pay a fine. There, the Court held that before probation can be revoked in those circumstances, the trial court must first determine whether good faith efforts were made by the defendant to meet his court–ordered obligations. In this case, Mr. Jeffries is not threatened with the immediate revocation of probation. Rather, he has been ordered to pay restitution over a 10–year–period. If and when the question of revoca-

---

*of circumstances. Such action shall be binding on the department."* (Italics ours.)

tion presents itself, the sentencing court would be under an obligation to inquire into Mr. Jeffries' good faith attempt and ability to repay the money.

The judgment of the Superior Court is affirmed.

Munson and Thompson, JJ., concur.

Reconsideration denied December 19, 1985.

Review denied by Supreme Court February 21, 1986.