[Nos. 27631-0-I; 27632-8-I;    Division One.    February 10, 1992.]
27633-6-I; 27634-4-I.

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT WAYNE BOWER, *Appellant*.

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michele Shaw, Deputy,* for respondent.

KENNEDY, J. — Robert Wayne Bower appeals his sentence modification and commitment to serve time for failure to pay court costs and victim penalty assessments. We affirm.

# I

Bower appeared for hearing in King County Superior Court on December 4, 1990, to answer allegations that he failed to pay court-ordered financial obligations in four separate criminal convictions. Evidence presented by the State indicated that Bower had signed agreements to retire the obligations on two of his convictions at the rate of $25 per month. There were no signed agreements with respect to the obligations due for the other two convictions, in that Bower had been released from jail after his sentences for those offenses with no notification to a community corrections officer. However, testimony at the hearing indicated that Bower would have been aware of these financial obligations, even without signing the standard condition to pay, because of his presence at the time of his sentencings. Testimony also indicated that Bower had paid none of the court-ordered obligations and that he had failed to report for community supervision as to all four of the convictions.

The court questioned Bower regarding whether he had any defense to the charges that the obligations had not been paid. Bower offered no defense at this point in the hearing and the court entered an oral ruling that Bower had violated the terms of his community supervision.

Recognizing that Bower's failure to pay would be excusable if he were truly indigent, the court then entertained testimony regarding the reason for Bower's failure to pay. The community corrections officer had no information regarding Bower's financial circumstances because Bower had never reported for supervision. The officer noted that although Bower had been in jail for several months immediately preceding the modification hearing, he had been out of jail for approximately a year following the imposition of the court-ordered financial obligations.

Bower then testified that he had a hard time making a living, that he had no steady employment and no jobs where he had received a W-2 form for federal income tax purposes. When the court specifically inquired as to how much he had earned during the year he was out of jail, Bower responded

only that he had had a hard time paying his rent for a period of 5 years.

Noting a lack of evidence of "any good faith efforts to obtain employment" and Bower's apparent "lack of interest" in complying with the terms of his community supervision, the court then terminated the financial obligations and ordered Bower to serve 30 days for each violation, the modified sentences to be served consecutively. It is from these orders that Bower appeals.

## II

Bower does not challenge the court's determination that he failed to comply with the terms of his sentences. Nor does he challenge the order that the modified sentences be served consecutively. He does challenge the court's determination that imprisonment was the appropriate remedy, in view of his claim to be indigent.

RCW 9.94A.200(2) provides in relevant part that if an offender fails to comply with any of the requirements or conditions of sentence:

(a) The court . . . shall require the offender to show cause why the offender should not be punished for noncompliance. . . .

(b) The state has the burden of showing noncompliance by a preponderance of the evidence. If the court finds that the violation has occurred, it may order the offender to be confined for a period not to exceed sixty days for each violation . . .

(c) If the court finds that the violation was not willful, the court may modify its previous [financial orders] . . ..

■ Although the State bears the initial burden of showing noncompliance, this statute requires the offender to "show cause", that is, to come forward with any affirmative defenses he may have in order to demonstrate why he should not be punished; and it is only if the court finds that the violation was not willful that the court need consider such alternatives to imprisonment as modifying its previous sentence to reduce the amount or to extend the time for payment of the court-ordered financial obligations. RCW 9.94A.200(2)(a), (b), (c).

The record on appeal clearly reflects that Bower failed to meet his statutory burden to show cause why he should not be punished for failure to comply with all of the terms of his community supervision. While Bower claimed that he had no steady employment and that he had difficulty paying his rent, he made no showing of bona fide efforts to obtain steady employment. He was evasive in his response to the court's specific inquiry as to his actual income while he was out of jail. He offered no excuse for his failure to report for community supervision. He made no showing of bona fide efforts to acquire the resources from which to meet his court-ordered obligations, by borrowing or other legal means. That he had agreed to pay $25 per month toward his obligations arising from two of the convictions indicates that at an earlier time he did have at least some ability to pay; yet there was no showing by Bower as to the reason for the change, if any, in his financial circumstances. Instead, he testified only that he had had difficulty paying his rent for 5 years.

Since the trial court clearly acted within the authority of RCW 9.94A.200(2) in imposing appellant's sentence, we must affirm his sentence modification and commitment to serve time unless we determine that RCW 9.94A.200(2) improperly places the burden of production and persuasion as to the affirmative defense of inability to pay upon the convicted offender. It is well settled that a court may not revoke probation because a truly indigent offender is unable by reason of such indigency to pay his fine. *Bearden v. Georgia*, 461 U.S. 660, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983); *see also State v. Barklind*, 87 Wn.2d 814, 817-18, 557 P.2d 314 (1976) (no convicted person can be imprisoned for failure to pay unless the default was attributed to an intentional refusal to obey the court or to a failure to make a good faith effort to make the payment).

■ However, a probationer's failure to make sufficient bona fide efforts to seek employment or to borrow money or

otherwise to legally acquire resources in order to pay his court-ordered financial obligation may reflect an insufficient concern for paying the debt he owes to society for his crimes. In such a situation, a court may revoke probation and use imprisonment as an appropriate penalty. *Bearden*, 461 U.S. at 668; *Barklind*, 87 Wn.2d at 817-18. It is only when the probationer has made reasonable efforts to meet his court-ordered financial obligations, and yet cannot do so, through no fault of his own, that it is "fundamentally unfair to revoke probation automatically". *Bearden*, 461 U.S. at 668.

Poverty does not automatically insulate a criminal defendant from punishment. Any person, rich or poor, may be incarcerated for an intentional failure to obey a court order, but if costs are imposed on a person who truly cannot pay, or who later becomes truly unable to pay, that person cannot be incarcerated. *State v. Eisenman*, 62 Wn. App. 640, 645-46, 810 P.2d 55, 817 P.2d 867 (1991). Therefore, the court must inquire into the reason for failure to pay in order to determine whether the violation was willful. If the violation is found to be willful, no consideration need be given to alternatives to imprisonment.

We hold that RCW 9.94A.200(2), which permitted the court to order appellant to serve time in the present case, does not violate the constitutional requirements of *Bearden*.[1] Indeed, although *Bearden* does not explicitly discuss the issue of who bears the burden of proof as to inability to pay, it is clear from the facts of that case that it was Bearden himself who came forward with persuasive evidence that his failure to pay his fine was through no fault of his own. At Bearden's probation revocation hearing, both he and his wife testified about their lack of income and assets and as to Bearden's repeated efforts to find work. Bearden also had borrowed money to pay a portion of his fine. The record also reflected that he was functionally illiterate, so that when he

---

[1] Nor does the statute violate the constitutional requirements of *Barklind*, 87 Wn.2d at 814.

was laid off from his job he naturally had great difficulty in finding another job; and in fact he had been unable to become reemployed. Bearden also kept in contact with his probation officer and notified the officer that he was going to be late with his next payment because he could not find a job.

Bearden was imprisoned for failure to pay his fine not because he failed persuasively to establish his inability to pay but because under Georgia case law that affirmative defense was legally irrelevant. The United States Supreme Court found this to be a violation of constitutional due process requirements. *Bearden*, at 669, 673.

In contrast, RCW 9.94A.200(2) clearly passes the constitutional requirements of *Bearden*. Like *Bearden*, this statute requires the court to inquire into the reasons for noncompliance and to provide the offender with an opportunity to show that his noncompliance was not willful. Like *Bearden*, if the court finds that the violation was not willful, under this statute the court may then consider whether the previous financial orders should be modified. Furthermore, like *Bearden*, there is no affirmative duty to explore alternatives to incarceration if the failure to comply was willful. Therefore, RCW 9.94A.200(2) is constitutional, and the trial court was justified in ordering appellant committed after appellant failed to meet his burden of showing that his failure to pay his court-ordered financial obligation was through no fault of his own.

A defendant who claims indigency must do more than simply plead poverty in general terms as Bower did in this instance. He should be prepared to show the court his actual income, his reasonable living expenses, his efforts, if any, to find steady employment, his efforts, if any, to acquire resources from which to pay his court-ordered obligations, and, in this instance, any lawful excuse he might have for his failure to report for community supervision.

Appellant's failure to justify his inability to pay is in stark contrast to the defendant in *Bearden*. *Bearden* provides an excellent example of the kind of showing a defendant needs

to make, in order to demonstrate that his failure to pay was because of true indigency not by reason of failure to make a good faith effort to make the payment.

At oral argument for this appeal, Bower argued that any decision by this court to place the burden of production and persuasion as to his inability to pay upon Bower should not be applied retroactively, since neither we nor the parties have found any case law which interprets the "show cause" provisions of RCW 9.94A.200(2)(a), in terms of who properly bears the burden of proof as to the affirmative defense raised by an offender such as Bower.[2] We disagree. The statute, by its own terms, places the burden to "show cause" on the defendant. This has been true since the statute was enacted in 1981. Indeed, Bower has not challenged the constitutionality of the statute in this appeal. Rather, he has taken the position that once he alleged indigency as an excuse for his failure to pay, that was all that he needed to do. His position on appeal appears to be not that he did not have the burden of proof, but rather that he met his burden of proof by showing that he was only sometimes employed and that he had difficulty paying his rent.

We conclude that appellant failed to meet his burden of proof. He failed to respond directly to the court's inquiry as to his actual income. He provided no evidence of any attempts on his part to find jobs. He failed to show that his failure to pay was justified by inability to earn the money, and the court properly found that there was a lack of evidence of any good faith effort on his part to pay the fine. His lack of interest in complying with the terms of his community supervision also is clearly apparent since he failed to report for supervision on any of his convictions and since he provided no explanation or lawful excuse for such failure to report.

---

[2] *Cf. State v. Curry*, 62 Wn. App. 676, 682, 814 P.2d 1252 (1991). In *Curry* the burden of proof issue was not before the court. However, the court noted that RCW 9.94A.200 adequately protects defaulting defendants by providing them with the opportunity to show cause why they should not be incarcerated for failure to pay court-ordered obligations.

Accordingly, we affirm the sentence modification and commitment to serve time.

GROSSE, C.J., and AGID, J., concur.

Review denied at 119 Wn.2d 1011 (1992).