[No. 32921-9-I.    Division One.    January 23, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
PATRICK GROPPER, *Appellant*.

*Kenneth R. Scearce*, for appellant.

*Jim Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

AGID, J. — John Patrick Gropper appeals the modification of his sentence on the grounds that the trial court erred under RCW 9.94A.200 in (1) finding that he had violated a sentencing condition requiring him to notify his community corrections officer (CCO) of any change of address and (2) incarcerating him for noncompliance with sentencing conditions without making a preliminary finding that his noncompliance was willful. We affirm.

## FACTS

On May 16, 1991, Gropper was sentenced in Snohomish County Superior Court for possession of a controlled substance. He was ordered to serve 22 months, pay legal financial obligations, and remain under the supervision of the Department of Corrections (DOC). Gropper signed a DOC "Conditions of Supervision" form requiring him, while on postrelease community supervision, to (1) notify DOC prior to any address change, (2) begin payments toward his legal financial obligations in January 1993, and (3) report to DOC twice a month.

On March 1, 1993, Gropper's CCO filed a sentence violation report with the court alleging that Gropper had (1) changed his address in December 1992 without notifying him, (2) failed to pay legal financial obligations in January 1993, and (3) failed to report in December 1992 and January 1993. A sentence modification hearing was held on May 14, 1993. The court found that Gropper had failed to comply

with the conditions of supervision as alleged and imposed a 60-day term of confinement for each violation, to run consecutively. Gropper appeals.

## Discussion

### 1. Change of Address Notification

At the modification hearing, the State presented the violation report filed by Gropper's CCO. The report states that Gropper's mother called his CCO and told him that Gropper had left her house on December 11, 1992, and returned December 14, 1992. She called again on January 6, 1993, and said she had not seen her son since December 29, 1992. The report, filed on January 8, 1993, states that the CCO had not heard from Gropper since December 17, 1992. The CCO concluded that, although Gropper may have been using his mother's house as his residence, he was not living there regularly. Gropper stated that he had not changed his residence and that he had spent some time living either in his car or with his friends because he had gotten in an argument with his mother. He did not, however, offer any explanation for his failure to notify his CCO that he had not been staying at his mother's house on a continuous basis. He contends that the fact that he continued receiving mail at his mother's house establishes that he did not change his address. The trial court found that he had violated the condition requiring him to notify the DOC of any change in address.

On appeal, Gropper argues that his absence from his mother's house did not amount to a change of address of which he was required to inform his CCO. We agree that spending the night away from his mother's house on occasion does not, in and of itself, constitute a change of address. However, the evidence showed that Gropper was gone from his mother's house from December 29 until at least January 6, and that his CCO had not heard from him nor been able to contact him during this time. We consider an absence of more than a week from the residence at which he was supposed to be staying a sufficient basis from which the trial court could conclude that Gropper had violated the sentencing condition requiring him to notify the DOC of any change

in address. Presumably, the purpose of requiring an offender to notify the DOC of a change in address is to ensure that the CCO assigned to an offender's case can adequately supervise the offender. Adequate supervision necessarily entails the ability to contact the offender, and this objective is frustrated where the offender is absent from his or her purported residence for extended periods of time. The trial court did not err in finding that Gropper had violated this condition.

2. Willfulness of the Violations

Under RCW 9.94A.200(1), if an offender violates any condition or requirement of a sentence, a court may modify its judgment and sentence and impose further punishment in accordance with the provisions of the statute. RCW 9.94A.200(2) provides in relevant part:

> If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:
>
> (a) The court, upon the motion of the state, or upon its own motion, shall require the offender to show cause why the offender should not be punished for the noncompliance. The court may issue a summons or a warrant of arrest for the offender's appearance;
>
> (b) The state has the burden of showing noncompliance by a preponderance of the evidence. If the court finds that the violation has occurred, it may order the offender to be confined for a period not to exceed sixty days for each violation, . . .
>
> (c) If the court finds that the violation was not willful, the court may modify its previous order regarding payment of legal financial obligations and regarding community service obligations.

Gropper contends that the trial court erred under the statute in incarcerating him for his violations because it was required, but failed, to decide whether the violations were willful and whether the court should consider alternatives to imprisonment.

■ We reject Gropper's argument with respect to the violations alleging his failure to report and to notify the DOC of a change in address. RCW 9.94A.200(2)(c) does not require a court to consider willfulness before ordering incarceration for a violation of a condition that does not involve a financial obligation. By its terms, that section of the statute applies to orders "regarding payment of legal financial obligations and

. . . community service obligations". Nothing in the statute suggests that section (2)(c) should be applied to any other type of violation. The purpose of this provision is to ensure that a truly indigent offender's probation is not revoked because he or she "is unable by reason of such indigency to pay [a] fine". *State v. Bower*, 64 Wn. App. 227, 231, 823 P.2d 1171, *review denied*, 119 Wn.2d 1011 (1992). That purpose would not be served by interpreting the statute to require a court to consider alternatives to incarceration where financial obligations are not implicated.

Relying on *State v. Bower, supra*, Gropper also argues that, under RCW 9.94A.200(2)(c), where a court finds that a violation of a condition involving a financial obligation is not willful, it is required to consider alternatives to incarceration before ordering incarceration for that violation. In *Bower*, we interpreted RCW 9.94A.200(2) to require "the court to inquire into the reasons for noncompliance and to provide the offender with an opportunity to show that his noncompliance was not willful." 64 Wn. App. at 233. We further held that if the court finds that the violation was not willful, it may then consider alternatives to incarceration. 64 Wn. App. at 233.

■ Here, the trial court did not make a specific finding either in its oral ruling or its written order that any of Gropper's violations were willful. On the contrary, it failed to alter language on the preprinted form it used to issue the order, thereby indicating that the violations were not willful.[1] Although the fact that the language on the form was not altered may be a mere oversight on the part of the trial

---

[1]This portion of the court's order reads:

"II. FINDINGS

"2.1 The defendant has failed to comply with the requirements or conditions of sentence as follows:

"1. FAILING TO NOTIFY THE CCO OF A CHANGE OF ADDRESS IN DECEMBER, 1992.

"2. FAILING TO PAY LEGAL FINANCIAL OBLIGATIONS FOR THE MONTH OF JANUARY, 1993.

"3. FAILING TO REPORT TO THE CCO FOR THE MONTHS OF 12-92 AND 1-93.

"and the failure to comply was (not) wilful." The court did not cross out, or otherwise alter, the word "not".

court, the State made no attempt to correct the error below, nor has it challenged this finding on appeal. As such, we treat the trial court's finding that the violations were not willful as a verity on appeal, provided there is substantial evidence to support it.[2] *See State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

Under RCW 9.94A.200(2)(b), the State has the initial burden of showing noncompliance with a sentencing condition by a preponderance of the evidence. In this case, the burden was met when Gropper stipulated to the violation of his financial obligation. Once the State has met its initial burden, the offender has the burden of showing that the violation was not willful under the "show cause" provision of RCW 9.94A.200(2)(a). In *Bower*, we held that this burden is not met by merely claiming indigence. Rather, an offender must show that he or she has made a real effort to fulfill the financial obligation, but was unable to do so. At the modification hearing, Gropper's attorney stated the reason Gropper had not fulfilled his financial obligation was "that he's had absolutely no income and he has not been employed". This statement alone is insufficient to establish a nonwillful inability to fulfill a financial obligation. Because Gropper did not, as a matter of law, meet his burden of establishing that his failure to pay his financial obligation was nonwillful, we conclude that the trial court's finding in this regard is not supported by substantial evidence. We conclude that Gropper's failure to fulfill his financial obligation was willful. Accordingly, the trial court did not err in failing to consider alternatives to incarceration.[3]

---

[2]The trial court's oral ruling is not very helpful in this regard. In issuing its ruling the court stated: "he's a drifter, he's a drug user, he bounces around. We'll never get any money. I'm not going to let him walk . . . .. As far as I'm concerned he's got three [violations]. In and out of his mother's house, into cars, et cetera. That's not a residence. He's changing at the will of the wind." Although this passage indicates the trial court's opinion of Gropper, it does not establish that the trial court found the violations were willful.

[3]Because we affirm the trial court, we do not reach the issue of whether this appeal is moot.

The order of modification is affirmed.

BAKER, A.C.J., and WEBSTER, J., concur.