[Nos. 18280-7-II; 18281-5-II.  Division Two.  January 10, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. RICKY W. CAMPBELL, *Appellant.*

*John L. Farra,* for appellant (appointed counsel for appeal).

*H. Steward Menefee, Prosecuting Attorney,* and *Jason S. Richards, Deputy,* for respondent.

TURNER, J. — Ricky W. Campbell was convicted and ordered to pay court costs, restitution and a victim assessment as a condition of his sentence. After he failed to make timely payments on his financial obligations, a show cause hearing was held to determine why Campbell should not be held in contempt and imprisoned. Campbell challenges the finding that he violated the conditions of his sentence and the denial of his motion to reduce the

amounts owed. Campbell also claims that the system for assessing costs on a criminal defendant violates due process, equal protection, and the Washington constitutional prohibition against imprisonment for debt. We affirm.

Campbell was sentenced for one crime in 1988 and another in 1991. The judgment and sentence in each case imposed conditions requiring Campbell to pay court costs, a crime victim assessment, and restitution.

In 1993, the Department of Corrections issued a notice of violation, documenting Campbell's continued failure to make payments on the court-ordered financial obligations. And the State filed a motion to show cause why Campbell should not be held in contempt and imprisoned for violating the conditions of his sentence.

At the hearing held on May 23, 1994, a court liaison officer for the Department of Corrections testified to the following. Campbell was on monetary supervision after being released from confinement in connection with the two cases from 1988 and 1991. The monetary obligations consisted of court costs, crime victim assessment, restitution and attorney fees. Campbell had agreed to pay not less than $35 per month on the 1988 case and not less than $10 on the 1991 case. Campbell was notified of his failure to abide by this agreement and responded that he had just obtained a new logging job and would begin making payments of $100 a month on June 25, 1993. But by the time of the hearing, Campbell had made only one payment on the 1988 case, for which he still owed $2,145. And he had made no payments on the 1991 case, for which he still owed $688.

Campbell testified at the hearing that he took home approximately $700 a month and was responsible for the care of one child. His monthly expenses were approximately $200 for rent, $200 for food and $100 for utilities. He did not explain any other expenses.

The court found that Campbell violated the conditions of his judgment and sentence and entered an order imposing sanctions. The order required that Campbell serve 60 days for each violation but suspended the jail time on condition that he make payments of $25 per month.

On June 6, 1994, the court heard and denied Campbell's motion for a reduction in the amount of court costs, rejecting Campbell's arguments that he was unable to make the payments. Campbell now appeals the order imposing sanctions and the denial of his motion for reduction in costs.

### 1. Sufficiency Of The Evidence.

The court's order modifying the conditions of Campbell's sentence was made under authority of RCW 9.94A.200, which reads in pertinent part:

> (1) If an offender violates any condition or requirement of any sentence, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section.

> (3)(c) *The state has the burden of showing noncompliance by a preponderance of the evidence.* If the court finds that the violation has occurred, it may order the defendant to be confined for a period not to exceed sixty days for each violation . . . .

(Emphasis added.) Campbell argues that there was insufficient evidence to support the trial court's finding that he violated the conditions of his judgment and sentence. But testimony at the hearing showed by a preponderance of the evidence that Campbell violated the terms of his judgment and sentence by failing to make payments on his financial obligations. Campbell does not present any argument or facts explaining why this evidence would be insuf-

ficient to support the trial court's finding of a violation.[1] Accordingly, we uphold the court's finding.

## 2. Motion For Reduction Of Costs.

■ Campbell next argues that the trial court erred by denying his motion for reduction of court costs. His motion was brought under RCW 10.01.160(4), which provides:

> (4) A defendant . . . may at any time petition the sentencing court for remission of the payment of costs or any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court *may* remit all or part of the amount due in costs, or modify the method of payment under RCW 10.01.170.

(Emphasis added.)

Campbell's motion for reduction was heard on June 6, after the court had reduced his obligations to $25 per month. Campbell argued for further reduction based on his earning only $700 per month and various expenses, including the responsibility for raising a child. The facts adduced at the earlier hearing showed that Campbell's expenses were $500 per month. The trial court considered these facts and denied the reduction, specifically finding that Campbell was capable of making the payments. Although it is difficult to comprehend how a person supporting himself and a child on $700 per month would have *any* disposable income, Campbell indicated that he did, so we uphold the trial court's finding. But additional fact finding from the bench is probably warranted in low income cases like this. Nevertheless, under these facts, we

---

[1]Campbell does not argue that the evidence was insufficient to support a finding that the violation was willful. This is likely because defendant has the burden of showing that a violation was not willful. *State v. Gropper*, 76 Wn. App. 882, 887, 888 P.2d 1211 (1995); RCW 9.94A.200(2)(a).

hold that the trial court did not abuse its discretion by denying the motion.

### 3. Due Process And Equal Protection.

Campbell next argues that the system for assessing financial obligations against a convicted criminal defendant violates due process, equal protection, and article 1, section 17 of the Washington State Constitution, which prohibits imprisonment for debt.

These arguments have been considered and rejected by the Supreme Court in *State v. Barklind*, 87 Wn.2d 814, 557 P.2d 314 (1976), and *State v. Curry*, 118 Wn.2d 911, 829 P.2d 166 (1992). In *Barklind*, the court held that an obligation to pay court costs as a condition of a sentence is not a "debt" within the meaning of CONST. art. 1, § 17. *Barklind*, 87 Wn.2d at 820. This is true so long as the defendant is not imprisoned solely for inability to pay, but rather for refusal to pay that amounts to contemptuous violation of a court order. *Barklind*, 87 Wn.2d at 820.

This reasoning was followed in *Curry*, where the court again upheld the constitutionality of Washington statutes providing for payment of costs as well as victim assessments. The statutes were deemed valid because they provide sufficient procedural safeguards to ensure that "no defendant will be incarcerated for his or her inability to pay the penalty assessment unless the violation is willful." *Curry*, 118 Wn.2d at 918. Among these safeguards is the requirement in RCW 9.94A.200 that the State allow the defendant an opportunity at a show cause hearing to prove that a violation was not willful, as well as the defendant's right at any time to petition the court for a reduction based on inability to pay under RCW 10.01.160. *Curry*, 118 Wn.2d at 918.

In this case, the trial court specifically found that Campbell was in willful violation of his sentence conditions because he had the ability to pay his financial obligations. The court's determination as to the defendant's resources and ability to pay is essentially factual and should

be reviewed under the clearly erroneous standard. *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991). The evidence is minimally sufficient to support the trial court's finding that Campbell was able to make payment on his financial obligations. Thus, he does not face imprisonment for inability to pay, but only for contemptuous refusal to pay. Therefore, under *Curry* and *Barklind*, his constitutional claims fail.

For the reasons stated above the judgment is affirmed.

HOUGHTON, C.J., and MORGAN, J., concur.