[No. 24211-1-III. Division Three. August 24, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. TOMMY RAY RING, *Appellant*.

*Norma Rodriguez* (of *Rodriguez & Associates*), for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Julie E. Long, Deputy*, for respondent.

¶1 SCHULTHEIS, J. — Tommy Ray Ring challenges a restitution payment schedule ordered by the trial court and the adequacy and fairness of the proceedings associated with the schedule. We conclude that the court did not abuse its discretion in ordering the restitution payment schedule. We further conclude that the proceedings were sufficient and not unfair. Accordingly, we affirm.

## FACTS

¶2 Mr. Ring pleaded guilty to two counts of violation of a no-contact order in November 2004. He was ordered to serve a sentence of 10 days on each count, concurrently. On March 11, 2005, a restitution hearing was held. Mr. Ring was ordered to pay Barbara Reynolds (the victim from whom he was recently divorced) $723.22 and Farmers Insurance Company $561.24. No payment schedule was set, so the administrator of courts set a default amount of $25 per month.

¶3 The Benton County clerk's office set Mr. Ring's payment schedule at $400 per month starting April 30, after "[t]he information obtained by [its] collection department indicate[d] that Mr. Ring [was] gainfully employed and

[could] easily afford to pay the requested payment amount of $400.00 per month." Clerk's Papers (CP) at 36. At a show cause hearing on the modification of the schedule, the judge considered Mr. Ring's financial declaration and reduced the payment to $200 per month. Mr. Ring appeals.

## DISCUSSION

### a. Restitution Payment Schedule

¶4 Mr. Ring challenges the terms of his restitution payment schedule. He claims the trial court was required to consider his ability to pay and erred when it decided on payment terms to ensure that "the victims can be paid off sooner rather than later." Report of Proceedings at 5.

¶5 A court does not have inherent power to impose restitution; rather, it is derived from statutes. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). "When the particular type of restitution in question is authorized by statute, imposition of restitution is generally within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *Id.* " 'An abuse of discretion occurs only when the decision or order of the court is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' " *State v. Enstone*, 137 Wn.2d 675, 679-80, 974 P.2d 828 (1999) (internal quotation marks omitted) (quoting *State v. Cunningham*, 96 Wn.2d 31, 34, 633 P.2d 886 (1981)).

¶6 Mr. Ring was convicted of two counts of violating a no-contact order, a gross misdemeanor. RCW 26-.50.110(1). He was sentenced to 365 days, 350 of which were suspended on conditions that included payment of restitution to Ms. Reynolds and Farmers Insurance. Ten days of his sentence was converted to "work crew." CP at 49.

¶7 As part of a suspended sentence, the sentencing court "may require the convicted person to make such monetary payments, *on such terms as the superior court deems appropriate under the circumstances*, as are necessary . . . to make

restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question." RCW 9.92.060(2)(b) (emphasis added); *see also* RCW 9.95.210(2)(b) (setting forth identical language in statute authorizing court to order terms of probation). "The very language of the restitution statutes indicates legislative intent to grant broad powers of restitution." *Davison*, 116 Wn.2d at 920.

¶8 Mr. Ring argues that the trial court was required to consider his ability to pay when it set his payment schedule. He relies on the criminal cost statute, RCW 10.01.160. That statute provides, "[t]he court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them." RCW 10.01.160(3). The statute does not mention restitution and it defines costs as "expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program." RCW 10.01.160(2). The statute does not apply to restitution.

¶9 Consideration of the ability to pay restitution installments under the Sentencing Reform Act of 1981 (SRA) is covered in RCW 9.94A.753(1). That statute requires the court to consider "the total amount of the restitution owed, the offender's present, past, and future ability to pay, as well as any assets that the offender may have" when setting the minimum monthly payment. RCW 9.94A.753(1). But the SRA applies only to felonies. RCW 9.94A.010; *State v. Whitney*, 78 Wn. App. 506, 517, 897 P.2d 374 (1995). *See also State v. Marks*, 95 Wn. App. 537, 977 P.2d 606 (1999) (holding the trial court erred in ordering restitution for a misdemeanor offense but affirming on grounds set forth in RCW 9.92.060(2) and RCW 9.95.210(2)). Therefore, that statute does not apply to Mr. Ring's gross misdemeanor charges.

¶10 No Washington case has squarely addressed whether the trial court must consider the defendant's ability to pay as a prerequisite to granting probation or a suspended sentence upon the condition that the defendant

pays restitution. However, this court has considered a similar issue in *State v. Jeffries*, 42 Wn. App. 142, 146, 709 P.2d 819 (1985). There, the defendant asserted that the court erred by ordering that he pay $18,514.19 as restitution under RCW 9.92.060, given his limited resources. This court held that the order was reasonable because the defendant was given 10 years to make the payments, so the ability to pay would not arise unless the defendant's probation was before the court on revocation due to his failure to pay. *Jeffries*, 42 Wn. App. at 146-47. In that event, the court would be obligated to inquire into the defendant's good faith attempt and ability to pay. *Id.*

¶11 To summarize, neither RCW 9.92.060(2)(b) nor RCW 9.95.210(2)(b) requires consideration of the ability to pay when setting the restitution payment schedule. The only clear Washington authority indicates that Mr. Ring's ability to pay becomes an issue only if he faces revocation. *Jeffries*, 42 Wn. App. at 146-47.

¶12 Here, Mr. Ring reported his monthly net income at $4,000 and his monthly expenses at $3,465. The court ordered $200 monthly restitution payments based on Mr. Ring's disposable monthly income of $535. The judge ruled that if Mr. Ring's financial circumstances changed, he could petition the court for relief from the payment schedule. This is actually greater consideration than required under *Jeffries* because Mr. Ring has an opportunity to reduce his payments before he is in jeopardy of revocation. Further, despite Mr. Ring's claim to the contrary, the judge did not disregard any relevant facts. The court did not abuse its discretion in ordering the restitution schedule.

¶13 Mr. Ring also contends that the court was required to hold a fact-finding hearing. He relies on *State v. Campbell*, 84 Wn. App. 596, 929 P.2d 1175 (1997). In *Campbell*, the appellate court was skeptical of the trial court's finding that a defendant could support himself and a child on $700 per month and still have disposable income. The trial court ultimately denied the defendant's request to reduce court costs based on its finding of a disposable income. *Campbell*,

84 Wn. App. at 600. However, because the defendant himself indicated that he did have disposable income, the *Campbell* court upheld the trial court's finding. The court then remarked that "additional fact finding from the bench is probably warranted in low income cases like this." *Id. Campbell* interpreted former RCW 9.94A.200 (1989), *recodified as* RCW 9.94A.634, which addresses the penalties for violating the terms of a sentence under the SRA. Since *Campbell* addresses costs and an SRA sentence, as well as a low income scenario, it does not apply to the issue presented by Mr. Ring.

### b. Pro Se Contentions

¶14 Ms. Reynolds is employed as a deputy clerk of the Benton County Superior Court. Mr. Ring contends in a statement of additional grounds for appeal that by virtue of Ms. Reynolds' position, she was able to improperly influence the proceedings.

¶15 Mr. Ring's contention alludes to the appearance of fairness doctrine. *See State v. Brenner*, 53 Wn. App. 367, 374, 768 P.2d 509 (1989) (the law requires not only an impartial judge but also a judge who appears to be impartial), *overruled on other grounds by State v. Wentz*, 149 Wn.2d 342, 68 P.3d 282 (2003). This doctrine requires the reviewing court to consider how the proceedings would appear to a reasonably disinterested person. *Id.* Mr. Ring does not explain how Ms. Reynolds influenced the proceedings, and the record does not expose any such conduct. There is nothing in the record that would cause a reasonably disinterested person to conclude that the trial judge was unfair.

¶16 Mr. Ring also asserts that Ms. Reynolds' involvement in the proceedings constituted a conflict of interest. We note that Ms. Reynolds did not insinuate herself into this matter; she was a victim of crime. Mr. Ring does not support his claim for an actual conflict of interest.

## CONCLUSION

¶17 The court did not abuse its discretion in ordering the restitution payment schedule. No additional fact-finding was necessary. The proceedings were not unfair. We affirm.

SWEENEY, C.J., and KATO, J., concur.