FILED
COURT OF APPEALS
DIVISION II

2013 APR -9 AM 9: 01

STATE OF WASHINGTON

BY_____
            DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re Marriage of: | No. 42191-7-II |
| PATRICIA A. McLEAN, | |
| Respondent, | |
| v. | |
| ROBERT A. McLEAN, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, J. —Robert A. McLean appeals the superior court's denial of his motions to modify his child support obligation, to vacate the modified child support order, to "quash" the modified child support order, and to reconsider its rulings. He argues that the superior court abused its discretion in (1) ordering him to provide four (rather than two) years of tax returns when considering his former wife's motion to modify child support; (2) failing to exercise "due diligence" in determining his income; (3) setting an unfair deadline by which to file a motion to modify the temporary child support modification order and refusing to extend this deadline; (4) denying his motions to vacate and to quash the modified child support order a year later; and (5) imposing sanctions for filing a frivolous motion. Br. of Appellant at 11, 15. We disagree and affirm; we also impose RAP 18.9(a) sanctions for filing a frivolous appeal.

FACTS

Robert A. McLean and Patricia A. McLean[1] divorced in 2005. Patricia was the primary residential parent for their daughter. Robert paid court-ordered child support.

In 2010, Patricia filed a motion to modify child support, based on financial hardship and increased costs.[2] The superior court granted Patricia's motion and entered a temporary order of modified child support on April 28, 2010. The temporary order provided that Robert could seek review and change the amount of the support obligation if he filed a motion to modify "prior to [July 1, 2010]" and provided tax returns for the years 2006-2009 and six months of bank and credit statements. Clerk's Papers (CP) at 37. The superior court cautioned that if Robert failed to file such motion before July 1, the temporary child support modification order would become permanent. Robert did not file any motion *before* this July 1 deadline.

The next day, however, on July 1, Robert filed a motion to modify his child support obligation; the superior court denied the motion. Robert neither appealed nor sought discretionary review of this order of denial.

A year later, however, on April 13, 2011, Robert filed a motion to vacate the superior court's April 28, 2010 child support modification order. A week later, on April 22, 2011, Robert filed a motion to quash this same April 28, 2010 child support modification order, among other

---

[1] To avoid confusion, we refer to the parties by their first names. We intend no disrespect.

[2] Neither the original child support order nor Patricia's motion to modify is included in the record before us on appeal. Instead, the record contains only Patricia's declaration in support of her motion.

things.[3] The superior court denied Robert's motions to quash and to vacate; in denying the motion to vacate, the superior court noted that Robert "did not provide working copies to the court" and that it "did not have access to the computer files to review the financial documents." CP at 330. The superior court also awarded CR 11 sanctions to Patricia, ruling that Robert had filed the motion in bad faith.

Robert appeals.

## ANALYSIS

Robert argues that the superior court erred in denying his motions to modify, to vacate, to reconsider,[4] and to quash. We disagree.

### I. DENIAL OF MOTIONS

#### A. Standard of Review

We will not reverse the superior court's denial of a motion to vacate under CR 60(b) unless the court manifestly abused its discretion. *Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). We similarly review for abuse of discretion the superior court's denial of a motion to modify financial obligations and a motion to quash. *See State v. Campbell*, 84 Wn. App. 596, 600-01, 929 P.2d 1175 (1997); *Commanda v. Cary*, 143 Wn.2d 651, 654, 23 P.3d 1086 (2001). A superior court abuses its discretion when its decision is manifestly unreasonable

---

[3] More specifically, Robert moved to "[q]uash [his] wage assignment," to "[t]erminate the Garnishment [of his g]ross income," and to "[m]odify [his] Child Support" obligation. CP at 322.

[4] The record before us on appeal does not contain a motion to reconsider. Therefore, we do not address this claimed error. RAP 9.1; 10.3(a)(6).

or based on untenable grounds or reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). Robert fails to demonstrate an abuse of superior court discretion here.

## B. Motion To Modify

Robert argues that the superior court abused its discretion in denying his late motion to modify the modified child support order because (1) it ordered four years of tax returns rather than two, as required by RCW 26.19.071(2);[5] (2) it did not exercise "due diligence" in determining his income; (3) the deadline for filing his motion to modify was unfair; and (4) the court would not extend the filing deadline by one day. Br. of Appellant at 15. These arguments lack merit.

Robert failed to designate as part of the record on appeal the superior court's denial of his July 2010 motion to modify, contrary to RAP 9.1. Thus, we cannot review the superior court's reasons for denying Robert's motion, the timeliness of his filing the motion, or the underlying merits of his position below. Accordingly, we do not further consider these contentions.[6] *See* RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549

---

[5] RCW 26.19.071(2) provides:
> Verification of income. Tax returns for the preceding two years and current paystubs shall be provided to verify income and deductions. Other sufficient verification shall be required for income and deductions which do not appear on tax returns or paystubs.

(Boldface omitted). The Legislature amended this statute in 2011, but the amendments do not affect our analysis in this opinion.

[6] Robert also contends that the superior court stated, "You have 60 days . . . I tell you what . . . I'll give you *until* July first[.]' There is no recording of this statement since [the commissioner] made it after court was adjourned when we came back later that morning to sign the papers." Br. of Appellant at 13 (emphasis added) (some alterations in original). Because this conversation occurred outside the record, we cannot consider it. *See* RAP 9.1.

(1992); *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (courts need not consider issues unsupported by adequate argument and authority).

## C. Motion To Vacate

Robert next argues that the superior court abused its discretion in denying his April 2011 motion to vacate the year-old modified child support order because (1) his tax returns constituted "newly discovered evidence" under CR 60(b)(3), and (2) the superior court could have vacated for "[a]ny other reason justifying relief from the operation of the judgment" under CR 60(b)(11). Br. of Appellant at 13. These arguments also lack merit.

Robert provides no meaningful argument, citation to the record,[7] or authority to support his claim that his tax returns, which the superior court had ordered him to provide the year before, constitute newly discovered CR 60(b)(3) evidence. Accordingly, we do not further address this argument. RAP 10.3(a)(6); *Cowiche*, 118 Wn.2d at 809.

## II. SANCTIONS

### A. Superior Court

Robert next contends that the superior court abused its discretion in awarding CR 11 sanctions to Patricia because it "acted on Patricia's request for 'sanctions' even though [Robert] had not received a copy of her response in time to file [his] response to it and did not have the chance to argue or respond." Br. of Appellant at 11. This contention lacks both merit and support in the record.

---

[7] In contrast, the record shows that, after entering the temporary child support on April 28, 2010, the superior court had expressly admonished Roberts that if he did not file a motion to modify, supported by these tax returns and bank statements, "prior to [July 1, 2010], the amount of this order remains." CP at 37.

Robert provides no citation to the record supporting his assertion that pro se Patricia requested sanctions.[8] Moreover, the transcript suggests that the superior court awarded the CR 11 sanctions sua sponte:

> THE COURT: Okay . . . We were just here a couple weeks ago, correct, Mr. McLean?
>
> MR MCLEAN: Yes. Yes, ma'am.
>
> THE COURT: I am not going to hear you and I am going to award CR 11 sanctions for a *bad faith, frivolous filing*. You do not like the results. It isn't any error. There isn't anything that wasn't considered or wasn't properly considered given the timeframe. You don't like the results.
>
> [. . .]
>
> MR MCLEAN: Well, you haven't allowed me to present the evidence and say what about this law.
>
> THE COURT: You presented—you were found—I'm just not going to argue anymore, sir. We've already done this twice. I'm not going to do it again. Motion's denied.
>
> MR MCLEAN: We did not argue. You did not allow me to argue the point.
>
> THE COURT: Because you have no grounds.
>
> MR MCLEAN: . . . This is insane.
>
> THE COURT: CR 11 sanctions—
>
> MR MCLEAN: This is insane.
>
> THE COURT: —of $100.
>
> [. . .]
>
> THE COURT: I suggest you consult an attorney. That's all I can suggest at this time.
>
> MR MCLEAN: *I've consulted 15 attorneys, and half of them said—you know, told me there was nothing I could do,* so—so—
>
> THE COURT: *That's why your case is frivolous.*

VRP (May 6, 2011) at 3, 5-6 (emphasis added).

---

[8] The only part of the record that arguably might be construed as a implied request for sanctions is found in Patricia's response to Robert's pro se motion to vacate:

> I am confused as to why this is being allowed to continue. I have spent, at the least, 12 hours of my personal vacation time to take care of these frivolous actions against me. Since I am not self-employed, each time a motion is filed; it requires me to contact my supervisor, request time off, which creates an additional burden on my coworkers, to address these issues.

CP at 334. In our view, this complaint was not a motion for sanctions.

Robert fails to provide meaningful argument, citations to the record, and supporting authority to show that the superior court abused its discretion in awarding sanctions against him for filing a frivolous motion. Therefore, we do not further address these issues and affirm the superior court's ruling. RAP 10.3(a)(6); *Cowiche*, 118 Wn.2d at 809.

### B. Appeal[9]

RAP 18.9(a) authorizes us, on our initiative, to order sanctions for filing a frivolous appeal. Just as the superior court below imposed sanctions against Robert for filing frivolous motions, we, too, impose sanctions against him for filing a frivolous appeal from the superior court's denial of his frivolous motions. An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and if the appeal is so totally devoid of merit that there is no reasonable possibility of reversal. *Carlile v. Harbour Homes, Inc.*, 147 Wn. App. 193, 217, 194 P.3d 280 (2008) (citing *State ex. rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 905, 969 P.2d 64 (1998)). Robert's appeal here falls squarely within this definition of a frivolous appeal: He fails to provide an adequate record on appeal for our review of his assigned errors, and he fails to set forth any arguably meritorious grounds for reversal. Accordingly, we order Robert to pay sanctions in the amount of $250.00 to Patricia, with an affidavit of proof of payment to the registry of the clerk of Division Two; and to pay additional sanctions to this court in the amount of $250.00, payable into the registry of the clerk of Division Two; both sanctions are payable no

---

[9] As was the case below, both parties appear pro se on appeal; consequently, neither seeks attorney fees.

No. 42191-7-II

later than (10) days from the date of this opinion. RAP 18.9(a).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Hunt, J.

We concur:

_____
Johanson, A.C.J.

_____
Bjorgen, J.

8