[No. 54797–1. En Banc. July 14, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHNENE L. HALSEN, *Petitioner.*

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for petitioner.

*David S. McEachran, Prosecuting Attorney,* and *David C. Cottingham, Deputy,* for respondent.

UTTER, J.—On November 28, 1984, Johnene Halsen pleaded guilty to custodial interference in the first degree, RCW 9A.40.060, and acknowledged she had taken her 6–year–old daughter, Emma, out of the state with intent to deny access to Emma by Emma's father, Jeff Allen, who had legal custody. The court held a restitution hearing, and pursuant to RCW 9.94A.140(1) ordered Halsen to pay to Allen costs he incurred in recovering Emma.[1]

Halsen appealed the restitution order, arguing that the expenses included were not within the scope of RCW 9.94A.140(1). The Court of Appeals affirmed, but remanded for a redetermination of Allen's lost wages. *State v. Halsen*, 50 Wn. App. 30, 746 P.2d 1235 (1987). This court granted Halsen's petition for review.

At oral argument, Halsen conceded that RCW 9.94A-.140(1), the general restitution statute, does not apply in light of RCW 9A.40.080(1), a more specific statute dealing with restitution for costs associated with custodial interference. The attorneys and the courts below had previously overlooked the applicability to Halsen of RCW 9A.40-.080(1), which states:

> Any reasonable expenses incurred in locating or returning a child or incompetent person shall be assessed against a defendant convicted under RCW 9A.40.060 or 9A.40.070.

In light of this statute, Halsen acknowledged through her attorney at oral argument that Allen was entitled to most of the restitution ordered by the trial court. She challenges only the attorney's fees, out–of–pocket expenses, and a portion of the lost wages included in the restitution order.

---

[1]The court ordered restitution in the amount of $2,382.73, without stating the basis for that amount in its order. According to the parties, this order reflects the following costs: medical examination of Emma ($29); attorney's fees to obtain restraining order ($371); motel charges ($107.97); gasoline ($223.76); meals ($232.50); telephone charges ($78.50); out–of–pocket expenses ($80); loss of earnings ($1,260). The record supports a finding that Allen incurred at least these costs.

■■ We agree that RCW 9A.40.080 is the proper statute under which to order restitution in this case. The fact that the trial court did not base its order on that statute does not impede this court considering the appropriate statute on appeal. *See Gross v. Lynnwood,* 90 Wn.2d 395, 401, 583 P.2d 1197, 96 A.L.R.3d 187 (1978).

We have examined the record before the trial court, and are satisfied that the amount of restitution ordered was supported by the proof as reasonable expenses incurred in locating and recovering Emma. We therefore affirm the trial court and vacate the opinion of the Court of Appeals.

Although not necessary to the disposition of this case, we address briefly the published opinion of the Court of Appeals, which was based on RCW 9.94A.140(1). RCW 9.94A.140(1) states in relevant part:

> Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury.

"Absent a statutory definition, words of a statute must be accorded their ordinary meaning." *Davis v. Department of Empl. Sec.,* 108 Wn.2d 272, 277, 737 P.2d 1262 (1987). A punitive statute should "be literally and strictly construed in favor of the accused". *State v. Hornaday,* 105 Wn.2d 120, 127, 713 P.2d 71 (1986). Applying these rules of construction, we find the Court of Appeals erred in holding that "treatment for injury" can be fairly read to include costs such as travel expenses to recover a child.[2]

We affirm the trial court's restitution order on the basis of RCW 9A.40.080(1), and find the record supports the

---

[2]Although the Legislature clearly intended to broaden the scope of injuries for which restitution may be awarded when it amended RCW 9.94A.140 in 1982, Halsen argues convincingly that the most likely legislative intent was that the restitution statute now encompasses costs of nonmedical professional treatment, such as psychological counseling, rather than limiting restitution to medical treatment of physical wounds. *See also* Comment, *Court–Ordered Criminal Restitution in Washington,* 62 Wash. L. Rev. 357, 367 n.87 (1987).

amount of restitution ordered as reflecting the reasonable expenses of locating and recovering the child.

PEARSON, C.J., and BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.