[No. 21288-5-I.   Division One.   June 26, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. CLYDE DALE LEECH, *Appellant.*

*John Christiansen* and *Theresa Doyle,* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Lee D. Yates, Senior Trial Attorney,* and *Robert Marconi* and *Cynthia Gannett, Deputies,* for respondent.

PEKELIS, J.—Clyde Dale Leech appeals his conviction for first degree felony murder stemming from an arson fire in which a Seattle fire fighter died. Leech does not assign error to that part of the jury's verdict that implicitly convicted him of first degree arson. He instead contends that he was improperly convicted of felony murder. We agree and reverse.

On July 12, 1987, a fire broke out at the Crest apartment building (the Crest) located at Pike and Boren Streets in Seattle. Among the nearly 70 fire fighters who fought the blaze was Robert Earhart, a 15–year veteran who died in the course of fighting the fire. Fire investigators suspected arson, and Leech was arrested at the scene.

Many witnesses testified about the circumstances of Robert Earhart's death. Sometime during the fire, Earhart was reported missing. Another fire fighter discovered his

body in a room on the third floor of the building, his breathing apparatus lying on the floor with the air tank reading at or near zero. Earhart's autopsy showed that he died of carbon monoxide poisoning.

George Franz of the Washington State Department of Labor and Industries investigated the circumstances of Earhart's death. He testified that Earhart's death could have been prevented had he followed the rules and obtained a new air tank when his air supply reached a critically low level. Earhart's breathing apparatus, which was not defective, was designed to sound an alarm when there was less than 5 minutes of oxygen left in the tank.

Franz also testified that he issued a citation to the Seattle Fire Department for violation of state regulations prohibiting fire fighters from "freelancing" (fighting a fire without supervision). Franz opined that had Earhart been properly supervised, he would have been instructed to obtain a new air tank when the alarm sounded and his death would have been prevented.

The jury found Leech guilty of first degree murder committed "in the course of and in furtherance of" first degree arson. Leech appeals.

Leech contends that he was improperly convicted of first degree felony murder because: (1) Earhart's negligence was not a "specifically foreseeable" result of the arson; (2) the arson fire was not the "proximate cause" of Earhart's death; and (3) Earhart's death was not caused "in the course of *and in furtherance of*" the crime of arson as required by RCW 9A.32.030. (Italics ours.)

RCW 9A.32.030(1) provides that a person is guilty of first degree murder when:

> (c) He commits or attempts to commit the crime of . . . arson in the first degree, . . . and; *in the course of and in furtherance of* such a crime or in immediate flight therefrom, he, or another participant, *causes* the death of a person other than one of the participants . . .

(Italics ours.) Thus, to convict Leech of felony murder, the State must show that (1) Earhart's death was proximately

caused by the arson; and (2) his death was caused "in the course of and in furtherance of" the arson.

Leech first contends that Earhart's negligence was not a "specifically foreseeable" result of the arson and, therefore, the application of the felony murder statute violated his due process rights. Leech's contention is without merit. RCW 9A.48.020 defines first degree arson as including fires that are knowingly and maliciously set which are "manifestly dangerous to any human life, including firemen". In addition, this court has held that "[i]n setting a hostile fire, the arsonist can anticipate that firemen will be endangered." *State v. Levage,* 23 Wn. App. 33, 35, 594 P.2d 949 (1979). Thus, both the court and the Legislature have determined that a fire fighter's death that occurs in the course of combating an arson fire is a foreseeable consequence of arson.

Leech next contends that the felony murder statute was improperly applied in this case because the arson did not proximately cause Earhart's death. He argues that Earhart's own negligence in failing to use his breathing apparatus, rather than the arson, caused Earhart's death. The facts of this case amply support a finding that Leech's arson fire proximately caused Earhart's death, however.

"[I]t is not necessary that defendant's act should have been the sole cause of the harm[;] . . . a contributory cause is sufficient." (Italics omitted.) *State v. Neher,* 52 Wn. App. 298, 301, 759 P.2d 475 (1988) (quoting R. Perkins, *Criminal Law,* ch. 6, § 9, at 608–09 (1957)), *aff'd,* 112 Wn.2d 347, 771 P.2d 330 (1989). Here, the arson was *at least* a contributory cause of Earhart's death. But for the arson fire, Earhart would not have been exposed to the poisonous fumes that ultimately killed him.

Moreover, a victim's contributory negligence does not relieve a defendant of criminal responsibility for homicide unless it is a supervening cause of death, that is, the *sole* cause of death. *State v. Judge,* 100 Wn.2d 706, 718, 675 P.2d 219 (1984); *State v. Brobak,* 47 Wn. App. 488, 493, 736

P.2d 288, *review denied,* 108 Wn.2d 1034 (1987); R. Perkins, at 701–02. Earhart's alleged negligence in failing to use his breathing apparatus properly did not intervene in the chain of causation in such a way as to become the sole cause of his death. Earhart's failure to use his breathing apparatus would not have resulted in his death if Leech had not set the arson fire. Thus, Leech's conduct in setting the fire proximately caused Earhart's death.

Notwithstanding sufficient evidence of proximate cause, however, the State must prove that Earhart's death was caused "in the course of and[1] in furtherance of" the arson. Earhart's death certainly occurred "in the course of", *i.e.,* during, the fire. Our analysis is therefore limited to the narrow question presented here: whether Earhart's death was "in furtherance of" the arson.

The State contends that it may prove a death is caused "in furtherance" of a felony by showing that the death is committed within the "res gestae" of the felony. In support, the State cites *State v. Dudrey,* 30 Wn. App. 447, 635 P.2d 750 (1981), *review denied,* 96 Wn.2d 1026 (1982). There, the court held that "A homicide is deemed committed during the perpetration of a felony, for the purpose of felony–murder, if the homicide is within the 'res gestae' of the felony, *i.e.,* whether there was a close proximity in terms of time and distance between the felony and the homicide." (Citations omitted.) *Dudrey,* 30 Wn. App. at 450.

---

[1]We note that RCW 9A.32.030(1)(c) requires the State to prove that the killing occurred both "in the course of" *and* "in furtherance of" the felony. Other jurisdictions have enacted similar felony murder statutes but with an important difference: these statutes require only that the State prove *either* that the killing occurred "in the course of" *or* "in furtherance of" an enumerated felony. *See, e.g.,* Alaska Stat. § 11.41.110 (1988); Colo. Rev. Stat. § 18–3–102(b) (1986); compare RCW 10.95.020 (defining aggravated first degree murder to include premeditated murder committed "in the course of, in furtherance of, *or* in immediate flight from [enumerated felonies]") (italics ours); *but see State v. Irizarry,* 111 Wn.2d 591, 601–04, 763 P.2d 432 (1988) (Callow, J., concurring in part, dissenting in part) (RCW 9A.32.030(1)(c) should be interpreted to require proof of "in the course of" *or* "in furtherance of"). If the Legislature did not intend to require the State to prove that the killing occurred *both* "in the course of" *and* "in furtherance of", then it is free to amend the statute accordingly.

*Dudrey* is inapposite, however. There, the court determined that the homicide was within the "res gestae" of the felony by focusing on the fact that the defendants killed the victim when she *interrupted* their burglary. The *Dudrey* court did not have to define "in furtherance of" since the murder was clearly committed in furtherance of the burglary scheme.

■■ The State cites numerous additional cases to support its argument, none of which is on point because each involves the application of a felony murder law that is distinctly different from Washington's statute. Moreover, we are unable to find any Washington case which has defined "in furtherance of" within the meaning of RCW 9A.32.030. "'Absent a statutory definition, words of a statute must be accorded their ordinary meaning.'" *State v. Halsen,* 111 Wn.2d 121, 123, 757 P.2d 531 (1988) (quoting *Davis v. Department of Empl. Sec.,* 108 Wn.2d 272, 277, 737 P.2d 1262 (1987)). In addition, punitive statutes must "'be literally and strictly construed in favor of the accused'." *Halsen,* 111 Wn.2d at 123 (quoting *State v. Hornaday,* 105 Wn.2d 120, 127, 713 P.2d 71 (1986)).

■ "Furtherance" means "a helping forward: ADVANCEMENT, PROMOTION". *Webster's Third New International Dictionary* 924 (1976). Therefore, the plain terms of the felony murder statute require the State to prove that in acting to promote or advance his arson, Leech caused Earhart's death.

Arizona courts are in accord. In *State v. Hallman,* 137 Ariz. 31, 668 P.2d 874, 881 (1983), the court interpreted Arizona's felony murder statute which, in pertinent part, is identical to Washington's, and held that a "death is 'in furtherance' of the underlying felony if the death resulted 'from an action taken to facilitate the accomplishment of [the felony].'" *Hallman,* at 38 (quoting *State v. Arias,* 131 Ariz. 441, 443, 641 P.2d 1285, 1287 (1982)).

Here, there is no evidence from which any reasonable juror could conclude that in acting to advance or promote the arson, Leech caused Earhart's death. Indeed, by the

time Earhart arrived, the fire was well under way and Leech had left the premises. Thus, Leech did not cause Earhart's death "in furtherance" of the arson.

Accordingly, we vacate Leech's conviction for felony murder. In reaching its verdict, the jury necessarily convicted Leech of the lesser included offense of first degree arson. Therefore, we order the trial court to enter a conviction of first degree arson and resentence Leech accordingly. *See State v. Plakke,* 31 Wn. App. 262, 267–68, 639 P.2d 796 (1982), *overruled on other grounds in State v. Davis,* 35 Wn. App. 506, 667 P.2d 1117 (1983), *aff'd,* 101 Wn.2d 654, 682 P.2d 883 (1984).[2]

Reversed and remanded.

SCHOLFIELD and WINSOR, JJ., concur.

Review granted at 113 Wn.2d 1027 (1989).

---

[2]Because we vacate Leech's felony murder conviction, we need not address his additional assignments of error.