[No. 57428–6.   En Banc.   May 16, 1991.]

THE STATE OF WASHINGTON, *Petitioner,* v. DAVID M. DAVISON, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Donna L. Wise, Senior Appellate Attorney,* for petitioner.

*Patricia Novotny* of *Washington Appellate Defender Association,* for respondent.

BRACHTENBACH, J.—The sole issue is: Under RCW 9.94A-.142,[1] is restitution awardable to the City of Seattle for the wages it paid an assault victim while he was unable to work at his city job due to injuries sustained in the assault, absent proof that the City was legally obligated to pay the wages?

Defendant was ordered to pay restitution after pleading guilty to second degree assault. The trial court ordered restitution to the assault victim, to a medical provider, and to

---

[1]Relevant restitution statutes have been recodified. They are referred to in this opinion in the present tense as they apply to this case.

the City of Seattle (City). Restitution to the City was for the amount of wages it paid the assault victim during the 4 months he was unable to work as a fire fighter because of injuries resulting from the assault.

Defendant appealed only the order of restitution to the City. By an unpublished opinion the Court of Appeals reversed that order. Judge Coleman dissented. *State v. Davison,* noted at 58 Wn. App. 1013 (1990). We reverse the Court of Appeals and reinstate the restitution order.

Defendant.concedes that the assault victim's loss of time from work was causally connected to the crime. Brief of Appellant, at 5. Defendant does not challenge the amount of wages paid by the City. Rather, defendant argues that the City has not been damaged unless it was legally obligated to pay such wages, or unless restitution, absent any other legal obligation, is specifically authorized by statute.

■ The authority to impose restitution is not an inherent power of the court, but is derived from statutes. *State v. Eilts,* 94 Wn.2d 489, 495, 617 P.2d 993 (1980); *State v. Lewis,* 57 Wn. App. 921, 923, 790 P.2d 250 (1990). Because authority for restitution is statutory, care must be exercised in using case precedent. It has been noted: "As the number of statutes authorizing restitution has increased, so have the decisions interpreting those statutes. As a result, restitution has become a complex and often confusing area of criminal sentencing." Comment, *Court–Ordered Criminal Restitution in Washington,* 62 Wash. L. Rev. 357, 358 (1987). As discussed hereafter, misapplication of prior cases led to the Court of Appeals' erroneous decision which we reverse.

When the particular type of restitution in question is authorized by statute, imposition of restitution is generally within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Morse,* 45 Wn. App. 197, 199, 723 P.2d 1209 (1986). Defendant argues, however, that any restitution statute must be strictly construed in the defendant's favor. He relies upon *State v. Halsen,* 111 Wn.2d 121, 123, 757 P.2d

531 (1988), where the court found error in the construction of a statutory provision allowing "treatment for injury" as including travel expenses to recover a child (defendant was convicted of custodial interference). The court stated that a punitive statute must be construed strictly in the accused's favor.

It is true that restitution may "have a strong punitive flavor." D. Boerner, *Sentencing in Washington* § 4.8, at 4–14 (1985). However, the statement in *Halsen* must be read in context. The court also recited another principle of statutory construction, that absent a statutory definition, words of a statute must be accorded their ordinary meaning. *Halsen,* at 123. Together, the stated principles of construction in *Halsen* revealed the flaw in the Court of Appeals' interpretation of the statute at issue there, *i.e.,* that court read something into the statute which plainly was not within the express legislation.

Other principles are relevant in construing restitution statutes. The very language of the restitution statutes indicates legislative intent to grant broad powers of restitution. For example, restitution may include both public and private costs, RCW 9.94A.030(22) and restitution may be up to double the offender's gain or the victim's loss, RCW 9.94A.142(1). In interpreting a statute applicable to felonies committed prior to July 1, 1984, we found legislative intent that the applicable restitution statute be interpreted broadly to allow restitution. *State v. Barr,* 99 Wn.2d 75, 78, 658 P.2d 1247 (1983). In short, statutes authorizing restitution must be interpreted to carry out the expressed intent of the Legislature. Moreover, the statutes should be interpreted to meet the declared purposes of RCW 9.94A.010, the Sentencing Reform Act of 1981, when it applies.

Defendant argues that the City was not a victim of the crime and therefore should not be awarded restitution. The relevant statute broadly defines "victim" as "any person who has sustained physical or financial injury to person or property as a direct result of the crime charged."

RCW 9.94A.030(28). Washington courts have interpreted this and comparable statutes to carry out the wide scope of restitution, and have determined that the recipient of restitution may be one other than the immediate victim of the crime. *State v. Barr, supra* (restitution to widow and children of victim of negligent homicide); *State v. Barnett,* 36 Wn. App. 560, 562, 675 P.2d 626 (reimbursement to insurance company which paid for losses sustained by insured because of burglary), *review denied,* 101 Wn.2d 1011 (1984); *State v. Jeffries,* 42 Wn. App. 142, 709 P.2d 819 (1985) (reimbursement to Department of Labor and Industries for payment of disability and medical expenses of assault victim), *review denied,* 105 Wn.2d 1013 (1986); *State v. Forbes,* 43 Wn. App. 793, 719 P.2d 941 (1986) (restitution to state agency for gambling losses of undercover detective). Although the City is not the immediate victim of the assault, the City is within the statutory definition.

Having determined that the City is a victim, we turn to the relevant statute to ascertain whether the actual item of restitution ordered is authorized by that statute. RCW 9.94A.142 provides in part that "[r]estitution . . . shall be based on easily ascertainable damages for [a] injury to or loss of property, [b] actual expenses incurred for treatment for injury to persons, and [c] lost wages resulting from injury."

Restitution to the City is authorized as damages for injury to or loss of property. The funds paid by the City for the victim's wages were its property. Because of the assault the City was deprived of the services of its employee, the assault victim. Further, had the City not paid the assault victim his wages, it is obvious that he would have sustained damages explicitly identified by the statute as the subject of restitution, lost wages.

It would not serve the purpose or policy underlying the statute to permit the offender to escape responsibility for the consequences of his harmful assault by denying restitution simply because the City chose, from legal obligation *or*

*otherwise,* to pay its employee rather than subject that victim to the hardship and uncertainty of awaiting possible restitution paid directly to the victim.

We conclude that the ordered restitution was proper. Our interpretation of the statutes requires the defendant to face the consequences of his criminal conduct. We interpret the statute to carry out its purposes to "[p]romote respect for the law by providing punishment which is just". RCW 9.94A.010(2). We will not give the statutes an overly technical construction which would permit the defendant to escape from just punishment.

The Court of Appeals reached a conclusion contrary to ours by holding that "[i]n order for restitution to be awarded to third parties such as the City, the third party must have a contractual or statutory obligation to compensate the crime victim." *State v. Davison,* noted at 58 Wn. App. 1013, slip op., at 3 (1990). Underlying the Court of Appeals' holding is the premise that the State must prove "the expense for which reimbursement is sought has been 'actually incurred.'" To make such showing, the Court of Appeals said, the State "must establish 'adequate proof that the victim is obligated to pay . . ..'" Slip op., at 3.

The Court of Appeals based its rationale and holding on *State v. Vinyard,* 50 Wn. App. 888, 892, 751 P.2d 339 (1988). *Vinyard,* however, does not support the holding of the Court of Appeals. *Vinyard* involved restitution resulting from the crime of custodial interference. An applicable statute authorized restitution for "[a]ny reasonable expenses incurred in locating or returning a child . . .." RCW 9A.40.080(1). The *Vinyard* trial court had relied also upon a provision in the general restitution statute then applicable, RCW 9.94A.140(1), relating to "*actual expenses incurred* for treatment for injury . . .." (Italics ours.) Because the restitution award included *future* estimated expenses, the Court of Appeals in *Vinyard* necessarily had to determine the meaning of "expenses incurred", in order to determine whether the expenses fell within the items authorized by the statutes. The court in *Vinyard,* at 892,

logically held that "[t]o be 'incurred', the victim must be obligated to pay the expense, *i.e.,* become liable or subject to."[2]

The statutory limitation that the expenses be "actually incurred", addressed in *Vinyard,* simply is not applicable to the restitution ordered in this case. The Court of Appeals erred in transporting that language from the *Vinyard* analysis and adding it as a requirement to prove damages for injury to or loss of property.

The judgment of the Court of Appeals is reversed; the trial court's order setting restitution (Clerk's Papers, at 1) is affirmed.

DORE, C.J., and UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

---

[2]The Court of Appeals' application in *Vinyard* of the general restitution statute for expenses incurred in locating the child should be read in light of the later holding by this court that where the conviction is for custodial interference, RCW 9A.40.080 applies and the general restitution statute does not apply. *State v. Halsen,* 111 Wn.2d 121, 757 P.2d 531 (1988).