# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75310-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL WILLIAM BIENHOFF, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 6, 2017 |
| | ) | |

VERELLEN, C.J. — A jury convicted Michael Bienhoff of murder in the first degree. He appeals the trial court's order imposing restitution for the victim's burial and funeral costs. Because readily ascertainable burial and funeral costs were causally connected to his crime, the court had authority under RCW 9.94A.753(5) to order Bienhoff to pay the funeral costs as restitution. He cannot escape liability for restitution merely because the costs did not also qualify for restitution under RCW 9.94A.753(7), with its expanded criteria for restitution of payments from the crime victims' compensation fund. We affirm.

## FACTS

Precious Reed was shot and killed while attempting to purchase approximately two pounds of marijuana from Michael Bienhoff in 2012. The State charged Bienhoff and an accomplice with felony murder in the first degree, alleging they caused Reed's death while attempting to commit first degree robbery. Two other codefendants pleaded

guilty to lesser crimes. In 2015, a jury convicted Bienhoff as charged. According to the evidence presented at trial, when Reed was shot, he was sitting in the driver's seat of his van and Bienhoff was in the front passenger's seat. The court sentenced Bienhoff as a persistent offender to life in prison without the possibility of parole.

The State requested restitution of more than $40,000 from Bienhoff and his codefendants. Specifically, the State sought restitution of $34,250 as reimbursement for amounts Reed's surviving spouse received as wage replacement benefits from the crime victims' compensation fund, administered by the Department of Labor and Industries. The State also sought restitution of $6,130 in burial and funeral costs. The department also paid the majority of those costs, $5,750, which is the maximum allowable benefit under the crime victims' compensation program. The State proposed that Bienhoff pay, as restitution, the entire amount of Reed's burial and funeral costs, including the $5,750 paid by the department and the remaining balance of $379.89 paid by Shirley Noble, a good Samaritan.

The defendants objected to the restitution proposed by the State. They argued that Reed's survivors were not eligible for any benefits under the Crime Victims' Compensation Act, chapter 7.68 RCW, and therefore, the defendants could not be ordered to reimburse the department as restitution. RCW 7.68.061 provides that "if injury or death results to a victim . . . while the victim is engaged in the attempt to commit, or the commission of, a felony, neither the victim nor the widow, widower, child, or dependent of the victim shall receive any benefit under this chapter." The defendants

claimed that the department erroneously paid benefits for Reed's funeral expenses because Reed was attempting to commit a felony when he was killed.[1]

The court declined to impose restitution for wage replacement benefits but ordered restitution for the total amount of Reed's burial and funeral expenses. Bienhoff appeals.[2]

## ANALYSIS

Bienhoff challenges the restitution order insofar as it requires him to reimburse funds paid by the department for burial and funeral costs.

The court's authority to impose restitution derives from statute.[3] The Sentencing Reform Act requires that the trial court order restitution whenever an offender is convicted of an offense that results in injury to any person or damage to or loss of property.[4]

The controlling restitution statute, RCW 9.94A.753, provides:

> (3) Except as provided in subsection (6) of this section, restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury.
>
> . . . .
>
> (5) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property or as provided in subsection (6) of this section unless

---

[1] See RCW 69.50.4013 (possession of over 40 grams of marijuana is a class C felony except under certain conditions not applicable here).

[2] Bienhoff filed a separate appeal challenging his murder conviction. State v. Bienhoff, No. 74519-1-I.

[3] State v. McCarthy, 178 Wn. App. 290, 294, 313 P.3d 1247 (2013).

[4] RCW 9.94A.753(5); State v. Blanchfield, 126 Wn. App. 235, 240, 108 P.3d 173 (2005).

extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record. In addition, restitution shall be ordered to pay for an injury, loss, or damage if the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.

. . . .

(7) Regardless of the provisions of subsections (1) through (6) of this section, the court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW. If the court does not order restitution and the victim of the crime has been determined to be entitled to benefits under the crime victims' compensation act, the department of labor and industries, as administrator of the crime victims' compensation program, may petition the court within one year of entry of the judgment and sentence for entry of a restitution order. Upon receipt of a petition from the department of labor and industries, the court shall hold a restitution hearing and shall enter a restitution order.

An objective of restitution is to require the defendant to face the consequences of his conduct.[5] The statute is both punitive and compensatory and is designed to promote respect for the law by requiring punishment that is just.[6] Accordingly, our Supreme Court has impliedly rejected the argument that the restitution statute must be construed in the defendant's favor.[7] "We will not give the statute an overly technical construction that would permit the defendant to escape from just punishment."[8]

"We reverse a sentencing court's restitution determination only for a clear abuse of discretion or misapplication of law."[9] An abuse of discretion occurs when the

---

[5] McCarthy, 178 Wn. App. at 295.

[6] Id.

[7] State v. Davison, 116 Wn.2d 917, 919-20, 809 P.2d 1374 (1991); State v. Gray, 174 Wn.2d 920, 927, 280 P.3d 1110 (2012); McCarthy, 178 Wn. App. at 295-96.

[8] McCarthy, 178 Wn. App. at 296.

[9] State v. Cawyer, 182 Wn. App. 610, 616, 330 P.3d 219 (2014).

sentencing court's decision is manifestly unreasonable or based on untenable grounds or when the court applies the wrong legal standard or bases its ruling on an erroneous view of the law.[10]

The premise of Bienhoff's argument is that a payment made by the Department is subject to restitution only if the requirements of RCW 9.94.753(7) for crime victim compensation fund benefits are satisfied. This premise is not persuasive for two reasons. First, Bienhoff ignores the established distinctions between subsections (5) and (7). Restitution imposed under subsection (7) is exempt from the timing requirements of RCW 9.94A.753(1) and has "a loose rather than strict standard of causation" as compared with subsection (5).[11] If the requirements of subsections (5) and (7) were identical, subsection (7) would not extend restitution beyond what is already available under subsection (5) and would be superfluous.[12]

Second, subsection (5) of the restitution statute applies broadly to compensate third parties who were the source of the payment, so long as the strict causal standards are satisfied. For example, costs incurred by indirect victims may be imposed as restitution.[13] This court has held that a trial court does not abuse its discretion in awarding restitution to an insurance company that paid claims to the victim, whether or not the insurer retained subrogation rights allowing it to recoup the amounts paid from the responsible party.[14]

---

[10] Id.

[11] McCarthy, 178 Wn. App. at 301.

[12] Id.

[13] State v. Kinneman, 155 Wn.2d 272, 287, 119 P.3d 350 (2005).

[14] State v. Ewing, 102 Wn. App. 349, 354, 7 P.3d 835 (2000).

And our Supreme Court rejected a similar argument in State v. Davison.[15] There, Davison claimed restitution was not awardable to the City of Seattle for wages paid to an assaulted worker who was unable to work absent proof that the City was legally obligated to pay those wages. Affirming the order of restitution, the court pointed out that "had the City not paid the assault victim his wages, it is obvious that [the victim] would have sustained damages explicitly identified by the statute as the subject of restitution, lost wages."[16] The court further reasoned, "It would not serve the purpose or policy underlying the statute to permit the offender to escape responsibility for the consequences of his harmful assault by denying restitution simply because the City chose, from legal obligation or otherwise, to pay its employee rather than subject that victim to the hardship and uncertainty of awaiting possible restitution paid directly to the victim."[17]

This reasoning is equally compelling here. If the department had not authorized payment for Reed's funeral expenses from the crime victims' compensation fund, Reed's surviving family members would have presumably sustained a loss encompassed by the restitution statute. Such a loss would have directly resulted from Bienhoff's crime and is the kind of loss for which restitution is authorized under the statute. Here, the payment to Shirley Noble of $379.89 toward funeral expenses qualified for restitution. Just because funeral expenses of $5,750 were paid by the department does not preclude the application of subsection (5), provided the strict causal connection required by that provision is satisfied.

---

[15] 116 Wn.2d 917, 809 P.2d 1374 (1991).

[16] Id. at 921.

[17] Id. at 921-22.

The restitution order does not designate a specific statutory provision. We may affirm the trial court's decision under any theory supported by the record and the law.[18] Because all of the funeral expenses satisfy the requirements of subsection (5), the trial court was obligated to award restitution, even if some of the funeral expenses did not qualify as a benefit under the Crime Victims Compensation Act. Courts may not decline to impose restitution unless extraordinary circumstances exist.[19] Under the circumstances here, the sentencing court did not abuse its discretion in imposing restitution for the entire amount of the victim's funeral and burial costs, including the amount initially paid by the department.

Bienhoff asks that we not impose appellate costs if we affirm his conviction. The State has informed the court it does not intend to seek appellate costs. We accept the State's representation and need not otherwise address appellate costs.

Affirmed.

WE CONCUR:

---

[18] State v. Glenn, 140 Wn. App. 627, 636, 166 P.3d 1235 (2007) (quoting State v. Bradley, 105 Wn. App. 30, 38, 18 P.3d 602 (2001)).

[19] RCW 9.94A.753(5).