
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 75609-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| RENO DUANE DOOLITTLE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 13, 2017 |
| | ) | |

MANN, J. — Reno Doolittle appeals an award of restitution and argues that the award was based on insufficient evidence to prove his victim's lost wages. We affirm.

## FACTS

Doolittle pleaded guilty to fourth degree assault, a gross misdemeanor,[1] for attacking his girlfriend Elizabeth Clement by repeatedly punching her and breaking her wrist and foot. The court imposed a suspended sentence and 12 months of probation. As a condition of his probation, Doolittle was ordered to pay restitution in an amount to be determined at a restitution hearing.

At the first restitution hearing in July 2015, the State requested restitution totaling $10,177.07. Of that amount, $97.39 was for the victim's out-of-pocket expenses, and

---

[1] RCW 9A.36.041(2).

$10,079.68 was to repay the state Crime Victim Compensation Program (CVCP) for money it had paid to the victim for medical expenses and lost wages. The State provided an "income-based claim" form in which they calculated the victim's average monthly income, however the State did not provide any income records. The trial court entered a restitution order for the full amount requested, including the $9,065.02 for lost income. On appeal, this court reversed holding the lack of income records meant the State had not provided sufficient reliable evidence to support the restitution amount.

On remand, the State provided 33 checks from Windermere, the victim's real estate agency, representing one year of commission from her real estate sales. The State also presented a declaration from a CVCP claims manager explaining that she calculated the victim's monthly loss by adding up the checks to get the annual income of $154,378.78, then dividing that by 12, to get an average monthly wage of $12,864.90. However, because the crime victims' compensation act, chapter 7.68 RCW, limits the amount that can be paid in reimbursement for lost wages, the final amount was reduced to $9,065.02.

Doolittle again objected, arguing that the documents did not necessarily demonstrate what actual wages were earned and lost. The court overruled the objection and set restitution at $10,177.07 to repay the CVCP for money it paid to the victim. This included the $9,065.02 in income loss due to the victim's injuries. Doolittle appeals.

## ANALYSIS

The sole issue in this case is whether the State's documentation was sufficient to support the restitution order. We review restitution orders, when authorized by statute,

for an abuse of discretion. State v. Enstone, 137 Wn.2d 675, 679, 974 P.2d 828 (1999). "An abuse of discretion occurs when a decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Katare, 175 Wn.2d 23, 35, 283 P.3d 546 (2012). A court's authority to impose restitution is wholly statutory. State v. Deskins, 180 Wn.2d 68, 81, 322 P.3d 780 (2014). For misdemeanors, a court may order a defendant "to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question" as a condition of either a suspended sentence or probation. RCW 9.92.060(2); RCW 9.95.210(2)(b).[2] Since Doolittle was given a suspended sentence and probation, RCW9.92.060(2) and RCW 9.95.210(2) apply.[3]

When disputed, the facts supporting a restitution award must be proved by a preponderance of the evidence. Deskins, 180 Wn.2d at 82.

> While the claimed loss need not be established with specific accuracy, it must be supported by substantial credible evidence. Evidence supporting restitution is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.

Deskins, 180 Wn.2d at 82-83 (internal citations omitted). If the amount of damages is established by "substantial credible evidence" at the restitution hearing, no abuse of discretion will be found. State v. Pollard, 66 Wn. App. 779, 785, 834 P.2d 51 (1992).

---

[2] The State mistakenly relies on the Sentencing Reform Act, RCW 9.94A.753, which states "[r]estitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person . . . unless extraordinary circumstances exist." RCW 9.94A.753(5). However, the Sentencing Reform Act, RCW 9.94A, only applies to felonies. State v. Marks, 95 Wn. App. 537, 538, 977 P.2d 606 (1999). Doolittle was convicted of assault in the fourth degree, a gross misdemeanor.

[3] Although the trial court did not specify under which statute it was imposing restitution, we may affirm the trial court on any basis supported by the record. Marks, 95 Wn. App. at 540.

In this case, the State sought restitution to recover expenses already paid to the victim by the CVCP in accordance with RCW 9.95.210.[4] RCW 9.95.210(3) provides, "[t]he superior court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW." Under RCW 7.68.070(5), a victim that is found to have a temporary total disability that results in a loss of wages is eligible for compensation for those losses. RCW 7.68.070(5). The statute provides the victim's monthly wage, "shall be based upon employer wage statements, employment security records, or documents reported to and certified by the internal revenue service. Monthly wages must be determined using the actual documented monthly wage <u>or averaging the total wages earned for up to twelve successive calendar months preceding the injury</u>." RCW 7.68.070(5) (emphasis added).

Doolittle maintains that the checks in this case were insufficient to prove the victim's wages because the commission checks were not a set wage and thus subjected "the trier of fact to mere speculation or conjecture." Doolittle analogizes this case to <u>State v. Kisor</u>, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993). In <u>Kisor</u>, the court found there was insufficient evidence to support the order of restitution because it was based solely on an affidavit that was "nothing more than a rough estimate of the costs associated with purchasing a new animal and training it. . . [with] no indication of where [the declarant] obtained the figures as to the cost of purchasing the animal and training

---

[4] The CVCP had already determined Clement was a victim under RCW 7.68. RCW 7.68.020 defines "victim" as "a person who suffers bodily injury or death as a proximate result of a criminal act of another person."

-4-

it and the dog's handler." Kisor, 68 Wn. App. at 620. We do not have such limited evidence here.

Consistent with RCW 7.68.070(5), the State provided 33 checks from the victim's employer representing one year of commission from her real-estate sales. Along with the checks, the State presented a declaration from a CVCP claims manager explaining how she calculated the victim's monthly loss by adding up the checks then averaging the sum of those checks to determine her monthly wage. Because RCW 7.68.070(5) allows the victim's wage to be determined by "averaging the total wages earned for up to twelve successive calendar months preceding the injury," the court may also rely on such a calculation. Doolittle's argument that only regular hourly wages can be proven under the statute would, in effect, prohibit lost wages for any victim with a nontraditional pay schedule, such as on commission or contingency. Such an interpretation would be contrary to the intent of the statute.

To implement legislative intent, we must interpret the restitutions statutes broadly to allow restitution. State v. Thomas, 138 Wn. App. 78, 82, 155 P.3d 998 (2007). Although the victim did not have a set hourly or monthly wage, "we will not give the statutes an overly technical construction which would permit the defendant to escape from just punishment." State v. Davison, 116 Wn.2d 917, 922, 809 P.2d 1374 (1991). The victim's commission checks from the previous calendar year provided the trial court with a reasonable basis for determining the victim's average monthly wage and provided sufficient evidence to support the award of restitution. The trial court did not abuse its discretion.

We affirm.

WE CONCUR:

_____

_____

_____