IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82261-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | ORDER AMENDING OPINION |
| | ) | TO CORRECT SCRIVENER'S |
| CURTISS, KENNETH ANDREW, | ) | ERROR |
| DOB: 06/11/1982, | ) | |
| | ) | |
| Appellant. | ) | |

The court on its own motion has determined that it should amend the above-entitled opinion filed on March 21, 2022 to correct a scrivener's error misspelling the appellant's name in footnote 15 on page 8. Now, therefore, it is hereby

ORDERED that the opinion of this court in the above-entitled case filed March 21, 2022 be amended as follows:

On Page 8, footnote 15, "Curtis" shall be deleted and replaced with "Curtiss."

The remainder of the opinion shall stay the same.

FOR THE COURT:

_____
Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82261-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| CURTISS, KENNETH ANDREW, | ) | UNPUBLISHED OPINION |
| DOB: 06/11/1982, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Kenneth Andrew Curtiss appeals the trial court's postconviction payment orders requiring that he begin paying certain legal financial obligations (LFOs) and restitution to the city of Lynnwood when his sole source of income is Social Security benefits. We dismiss his claims related to the LFOs in the judgment and sentence because he did not timely appeal that order. But we remand for the trial court to amend its restitution order to reflect Social Security benefits cannot satisfy restitution.

FACTS

On August 27, 2019, Curtiss' mother told Lynnwood City police officers that Curtiss assaulted her inside the apartment they share. They did not find Curtiss. The next day, officers saw Curtiss driving in the city. When they activated their patrol car lights and sirens to pull over Curtiss, he tried to elude them by driving onto Interstate-5. Officers tried to stop Curtiss using a "pit"[1]

---

[1] Pursuit intervention technique. Officers drove the front of their patrol car against the rear of Curtiss' car to "spin out" Curtiss' car.

Citations and pin cites are based on the Westlaw online version of the cited material.

maneuver, but Curtiss recovered and continued driving. The maneuver damaged a Lynnwood City patrol car. Officers stopped the pursuit when Curtiss dangerously drove onto the shoulder and sped past traffic. Later that night, Lake Forest Park police arrested Curtiss.

Curtiss pleaded guilty to one count of felony attempt to elude a pursuing police vehicle and one count of misdemeanor domestic violence assault in the fourth degree.[2] In the defense sentencing recommendation, counsel referenced Curtiss' "long, long history of mental health problems" and "litigation with regards to competency."[3] She also told the court that before his incarceration, Curtiss' income consisted solely of Social Security disability (SSD) benefits. Though Curtiss expressed a desire to return to the work force "at some point," his counsel made clear that "he will need to get stabilized in the community with mental health treatment first."

On March 5, 2020, the court sentenced Curtiss to consecutive sentences of 5 months for attempting to elude and 30 days for misdemeanor assault, with credit for time served on both counts and 24 months of probation. The court found Curtiss indigent and waived all LFOs except the mandatory $500 victim assessment fee and the $100 DNA[4] collection fee.[5] Curtiss did not object. The court ordered Curtiss to begin paying the LFOs 60 days after his release from

---

[2] Curtiss agreed to the facts as established in the affidavit of probable cause.

[3] Curtiss had been hospitalized at various times because of mental health issues, and his mother told officers after the August 2019 assault that Curtiss "is schizophrenic and his medication dosage was recently lowered."

[4] Deoxyribonucleic acid.

[5] On the misdemeanor conviction, the court waived the $1,000 fine and imposed no LFOs.

custody at $25 per month. Curtiss did not object to the payment schedule.

Curtiss' felony judgment and sentence also stated the court may order restitution

in the future:

> **RESTITUTION:** The above total [LFO] does not include all restitution or other [LFOs], which may be set by later order of the court. An agreed restitution order may be entered. RCW 9.94A.753.

On December 29, 2020, the trial court held a restitution hearing. The

State sought restitution of $15,321.54 for repairs to the city's patrol car. Curtiss

asked the court not to impose any restitution because his mental health issues

amount to "extraordinary circumstances" under RCW 9.94A.753(5).[6]

Alternatively, Curtiss asked the court to reduce the restitution to a lesser amount.

He told the court that his sole source of income was still SSD benefits.

The State objected, arguing that the court had to impose restitution

regardless of ability to pay. The prosecutor also contended that commonplace

mental health disabilities did not amount to extraordinary circumstances, and

pointed to a recent mental health evaluation that considered Curtiss "stabilized."

The trial court determined it must impose restitution per statute but it had

discretion to reduce the amount based on extraordinary circumstances. So

"based upon [Curtiss'] mental health history," the court ordered restitution of

$5,000, the out-of-pocket expense the city paid as an insurance deductible. The

court then ordered Curtiss to make "a $50-a-month payment." Neither party

---

[6] A trial court need not order restitution if, in its judgment, extraordinary circumstances make restitution inappropriate. RCW 9.94A.753(5).

objected to the court's proposed payment schedule. The written restitution order, filed January 4, 2021, reflected Curtiss' requirement to pay:

> The defendant shall make monthly minimum payments on a schedule set by the Department of Corrections, <u>the court</u>, or the Snohomish County Clerk's Office, and shall mail payments to:
>
> **SUPERIOR COURT:** Snohomish County Clerk, 3000 Rockefeller, M/S 605, Everett, Washington 98201.[7]

The restitution order also provided:

> This restitution obligation shall bear interest from the date of this order until payment in full, at the rate applicable to civil judgments. Only if the principal of the restitution is paid in full may the court consider reducing or waiving the interest. RCW 10.82.090.

On January 6, 2021, Curtiss filed a notice of appeal, seeking review of "the restitution order entered on December 29, 2020." Curtiss filed the notice of appeal 2 days after the trial court entered its written restitution order but 10 months after the trial court entered its judgment and sentence.[8]

### ANALYSIS

Curtiss argues we should remand with instructions to the trial court to amend the judgment and sentence and restitution order to specify that SSD benefits cannot satisfy his LFOs, to strike the DNA collection fee, and to waive interest on restitution.

<u>Judgment and Sentence</u>

The State argues Curtiss cannot challenge his judgment and sentence because he did not timely appeal it. Curtiss does not dispute that he filed his

---

[7] Emphasis added

[8] Curtiss attached both misdemeanor and felony judgment and sentences to his notice of appeal. Only the felony judgment and sentence is at issue in this appeal.

appeal more than 30 days after the court entered the judgment and sentence. But he argues that we must consider the judgment and sentence to facilitate his timely appeal of the restitution order.

Generally, RAP 5.2(a) requires a party to file their notice of appeal from a final judgment within 30 days. And RAP 5.3(a) requires a party to "designate the decision or part of decision which the party wants reviewed." Absent extraordinary circumstances, we will not review an order that a party did not designate in the notice of appeal, even if they timely filed the appeal. RAP 18.8(b);[9] see RAP 2.4(a); Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 378, 46 P.3d 789 (2002). But under RAP 2.4(b), we may consider an undesignated order that "prejudicially affects the decision designated in the notice." An order "prejudicially affects" the decision designated in the notice of appeal only where the designated decision would not have occurred without the undesignated order. Right-Price Recreation, 146 Wn.2d at 380.

Here, the court's authority to impose restitution stems from the judgment and sentence. So, under RAP 2.4(b), we can consider that order as far as it relates to restitution. But the same is not true for the provisions imposing the DNA and victim assessment fees. The fees neither relate to restitution nor serve as a prerequisite for the court to order restitution.

---

[9] Curtiss does not argue that he is entitled to relief under RAP 18.8(b).

As a result, we dismiss as untimely Curtiss' appeal of the trial court's imposition of the $100 DNA fee and the trial court's failure to include language in the felony judgment and sentence that SSD benefits cannot satisfy LFOs.[10]

Restitution Order

Curtiss argues that the trial court erred when it ordered him to begin paying restitution when his sole source of income is Social Security benefits.[11] We agree.

We review an order imposing restitution for an abuse of discretion. State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). The trial court abuses its discretion when it applies an incorrect legal standard or erroneous view of the law, even if the court's decision is reasonable. Tobin, 161 Wn.2d at 523.

Under RCW 9.94A.753(7), the court must order restitution in all cases "where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW." But the trial court has discretion whether to order restitution to other entities and in what amount. See State v. Davison, 116 Wn.2d 917, 920, 809 P.2d 1374 (1991) ("The very language of the restitution statutes indicates legislative intent to grant broad powers of restitution.").

---

[10] While we decline to review Curtiss' assignment of error, we note that on remand, the trial court may exercise its discretion to amend the judgment and sentence to specify SSD benefits cannot satisfy Curtiss' LFOs. See State v. Kilgore, 167 Wn.2d 28, 42, 216 P.3d 393 (2009) (trial court has discretion on remand to revisit issues that were not the subject of an earlier appeal).

[11] The State argues that Curtiss waived any claim of error because he failed to object below. We disagree. Curtiss cited Richland in his "Defense Restitution Memorandum" below to argue that SSD benefits cannot satisfy LFOs. City of Richland v. Wakefield, 186 Wn.2d 596, 609, 380 P.3d 459 (2016) (SSD benefits cannot be used to pay discretionary LFOs). We deem this sufficient to preserve his claim.

The Social Security Act, 42 U.S.C. chapter 7, prevents use of Social Security income to satisfy a debt. 42 U.S.C. § 407(a) states:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.[12]

In State v. Catling, 193 Wn.2d 252, 264, 438 P.3d 1174 (2019), our Supreme Court held that 42 U.S.C. § 407(a) barred the collection of SSD benefits to satisfy mandatory LFOs. In that case, Catling's only income came from SSD benefits. Catling, 193 Wn.2d at 255. Still, the trial court ordered Catling to pay mandatory LFOs and set a payment schedule. Catling, 193 Wn.2d at 255-56.[13] Division Three of our court affirmed imposition of the LFOs but remanded to amend the judgment to "specify that LFOs may not be satisfied out of funds protected by 42 U.S.C. § 407(a)." Catling, 193 Wn.2d at 256-57.[14] The Supreme Court agreed with Division Three and found that "nothing in § 407(a) prohibits the imposition of a financial obligation—§ 407(a) prohibits only any use of Social Security moneys for debt retirement." Catling, 193 Wn.2d at 264. And while "the trial court's payment [schedule] indeed violated § 407(a), the Court of Appeals' remand and directive that no Social Security funds may be used to satisfy the LFOs resolves any § 407(a) violation." Catling, 193 Wn.2d at 264.

---

[12] This provision is commonly known as the "anti-attachment statute." See State v. Catling, 193 Wn.2d 252, 260, 438 P.3d 1174 (2019).

[13] The order also stated that " 'the mandatory [LFOs] can be ordered when a person is indigent and whose only source of income is [SSD].' " Catling, 193 Wn.2d at 255-56.

[14] The State conceded on appeal that the trial court erred in setting a payment schedule "when the information presented at sentencing indicated that Catling's only source of income was [SSD] benefits." Catling, 193 Wn.2d at 256.

We see no meaningful distinction between ordering payments to satisfy mandatory LFOs when SSD benefits are a defendant's sole source of income and ordering payments to satisfy restitution for a defendant with the same financial limitation. The record here shows that Curtiss' only income when the court imposed restitution came from SSD benefits. Still, the court ordered Curtiss to begin paying restitution at $50 per month. The payment order violated 42 U.S.C. § 407(a). Catling, 193 Wn.2d at 264. Under Catling, the proper remedy for the error is remand for the trial court to amend its restitution order to indicate that the obligation may not be satisfied out of any funds subject to 42 U.S.C. § 407(a). 193 Wn.2d at 264.[15]

Because Curtiss did not timely appeal from the judgment and sentence, we dismiss his claims related to the LFOs in that order. But we remand for the trial court to amend the restitution order consistent with this opinion.

Bowman, J.

WE CONCUR:

Mann, C.J.                    Appelwick, J.

---

[15] Curtis also argues the court should order that no interest can accrue on the restitution principal amount. But under RCW 10.82.090(1), accrual of interest on restitution is mandatory. And the court "may reduce interest on the restitution portion of the [LFOs] only if the principal has been paid in full." RCW 10.82.090(2)(b).

8