IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

RYAN CHRISTOPHER JACKSON,

Appellant.

No. 86276-6-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — After obtaining some relief on court-ordered restitution, Ryan Jackson appeals contending that the superior court failed to recognize its discretion to consider Jackson's inability to pay in determining whether to waive restitution interest under RCW 9.94A.753(4), and that his counsel at the restitution hearing was ineffective for conceding that the court could not consider Jackson's inability to pay. Jackson misconstrues the record. He asks this court to review a request that he never made. Moreover, RCW 10.82.090 addresses restitution interest and RCW 9.94A.753(4) addresses restitution. Thus, Jackson's counsel at the hearing correctly acknowledged that the court could not reduce the restitution amount based on Jackson's inability to pay. Accordingly, we affirm.

FACTS

In 2016, Ryan Jackson and his co-defendant were charged by the State for committing a series of residential burglaries. Jackson pleaded guilty to four counts of

residential burglary, one count of possession of a stolen firearm, one count of violation of the uniform controlled substances act (VUCSA), and one count of theft in the first degree.[1] Jackson was sentenced to a total length of confinement of 72 months and ordered to pay the following restitution:

- $85,403.20 to victim Orfelinda Almeida
- $7,522.98 to Homesite Insurance
- $9,500.00 to victim Sergey Babkin
- $591.71 to victim Guangyu Chen

After serving three years in prison, Jackson was transferred from total confinement into a reentry program and was eventually released in January 2020. After his release, Jackson obtained a job as a short-haul truck driver. In late 2022, the superior court's clerk's office increased Jackson's monthly legal financial obligation payment amount from $25 to $500. By September 2023, Jackson had paid $5,749.02 and filed a motion seeking relief from his legal financial obligations.

Jackson submitted two separate motions. One requested to reduce restitution and another related to restitution interest. Jackson asserted the total amount owed, with interest, at that time had grown from $103,017.89 to $182,975.57.

As to the ordered restitution, Jackson requested, under RCW 9.94A.753(4), the court reduce the restitution to the amount he had already paid or, in the alternative to no more than $15,000.[2] Jackson argued relief is warranted based on the fact he has reformed his life in laudatory ways. He was stably employed and had re-established close relationships with his immediate family. Yet, because the restitution continued to

---

[1] In 2021, Jackson's VUSCA offense was vacated under CrR 7.8 and dismissed with prejudice.

[2] Jackson also argued in the alternative that restitution must be reduced to no more than $20,000 because it violates the excessive fines clauses of the federal and state constitutions. That claim is not part of this appeal.

grow, he "will never be able to pay it off."

As to restitution interest, Jackson moved the court to waive restitution interest under RCW 10.82.090(2)(b) where the principal had been paid. He also argued in the alternative, under RCW 10.82.090(3)(c), to waive any interest that accrued while he was incarcerated.[3]

At the restitution hearing, when the court inquired as to whether Jackson had submitted a current financial declaration, Jackson's counsel explained that he had not because "[she] can't rely on his ability to pay the restitution. The statute explicitly says that's not a reason." Instead, counsel focused on how impressive Jackson's reentry path has been since his incarceration:

> He is employed. He's not committing crimes. He's not doing drugs. He has relationships with his loved ones. I mean, this is exactly what we want him to do. And he's done it. So I'm asking the court not to say that he can't afford it. He can't afford it. But I don't think he can use that as the reason. I think the reason you can use to exercise your discretion under the statute is this is a man who, unless the court gives him relief, will never, ever get ahead of even the interest.

Counsel further explained:

> For the restitution, I'm relying specifically on RCW 9.94A.753, paragraph four. And for the interest, I'm relying on 10.82.090(2)(b). I will say that only is available if the restitution amount is deemed paid. And I'm not sure we're going to get all the way there. So the real focus here is the 9.94A statute.

On the second day of the hearing, Jackson's counsel said he was asking to reduce the restitution to a point where Jackson could "actually" pay it off and that "once he's able to pay that, hopefully we can get rid of the interest."

The court agreed with the State that some relief was permitted by law and

---

[3] Jackson also argued in the alternative that restitution interest is an unconstitutional tax. That claim is not part of this appeal.

followed the State's recommendation. The court (1) remitted the restitution principal and interest owed to Homesite Insurance; (2) remitted restitution interest to Guangyu Chen because Jackson had paid the principal owed; and (3) waived all the restitution interest that had accrued while Jackson was incarcerated. The court otherwise denied reducing the remaining restitution, observing that doing so would unfairly leave Jackson's co-defendant solely responsible for the entire restitution amount.

Jackson appeals.

## DISCUSSION

### Restitution Interest

Jackson argues that the trial court misunderstood its discretion under RCW 9.94A.753(4) to waive restitution interest based on Jackson's inability to pay.[4]

A trial court's decision to impose or waive restitution is reviewed for abuse of discretion. State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). A trial court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). A trial court necessarily abuses its discretion if the ruling is based on erroneous interpretation of the law. State v. Gaines, 16 Wn. App. 2d 52, 57, 479 P.3d 735 (2021).

Subsection (3)(b) of RCW 9.94A.753 specifically addresses relief available depending on who is owed the restitution:

> At any time, including at sentencing, the court may determine that the offender is not required to pay, or may relieve the offender of the requirement to pay, full or partial restitution and accrued interest on restitution where the entity to whom restitution is owed is an insurer or state agency. . .

---

[4] Jackson raises this argument only as to what is owed to Orfelinda Almeida.

RCW 9.94A.753(3)(b). Subsection (4) addresses the court's jurisdiction following the

offender's release from total confinement and provides in relevant part:

> The portion of the sentence concerning restitution may be modified as to amount, terms, and conditions during any period of time the offender remains under the court's jurisdiction, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum sentence for the crime. The court may not reduce the total amount of restitution ordered because the offender may lack the ability to pay the total amount.

RCW 9.94A.753(4). Relevant parts of RCW 10.82.090 specifically addresses when

restitution interest may be reduced or waived:

> (3) The court may, on motion by the offender, reduce or waive the interest on legal financial obligations levied as a result of a criminal conviction as follows:
>
> (a) The court shall waive all interest on the portions of the legal financial obligations that are not restitution that accrued prior to June 7, 2018;
>
> (b) The court may waive or reduce interest on the restitution portion of the legal financial obligations only if the principal has been paid in full, except as provided in (c) of this subsection. The court may grant the motion, establish a payment schedule, and retain jurisdiction over the offender for purposes of reviewing and revising the reduction or waiver of interest;
>
> (c) The court may, following the offender's release from total confinement, waive or reduce interest on restitution that accrued during the offender's period of incarceration if the court finds that the offender does not have the current or likely future ability to pay.

RCW 10.82.090(3)(a)-(c).

We decline to consider Jackson's claim because he never requested the court,

under RCW 9.94A.753(4), to reduce or waive restitution interest based on Jackson's

inability to pay. Accordingly, even assuming the court had such discretion, the court

could not have failed to recognize its discretion to order relief that it was never asked to

provide.

Jackson requested the court reduce the restitution principal under RCW 9.94A.753(4) based on the strides he made since his release from prison. He expressly requested the court waive interest under RCW 10.82.090 based on the payoff of the principal. His motion to waive interest was premised on the court granting his motion to reduce the restitution principal to an amount that he had already paid. In the alternative, Jackson asked the court to reduce the restitution amount to no more than $15,000 or $20,000, while acknowledging that "once he's able to pay that, hopefully we can get rid of the interest." Counsel's request to reduce restitution was made pursuant to RCW 9.94A.753(4), which allows modification of restitution while the court retains jurisdiction. The subsequent plan to waive interest, once the principal was paid, relied on RCW 10.82.090(3)(b), which permits such relief under those circumstances.

The record contradicts Jackson's claim on appeal. Jackson's trial counsel never asked the court to waive interest under RCW 9.94A.753(4) based on Jackson's current or likely future inability to pay. Accordingly, a claim that the court misunderstood its discretion to a non-request cannot be a basis for relief on appeal.

Ineffective Assistance of Counsel

Next, Jackson argues that his trial attorney incorrectly conceded that the trial court could not consider his ability to pay. Jackson further contends that because his trial attorney failed to articulate that restitution ordered is distinguishable from restitution interest, this constitutes ineffective assistance of counsel. We disagree.

Both the United States and our state Constitutions guarantee a criminal defendant the right to effective assistance of counsel. State v. Lopez, 190 Wn.2d 104,

6

115, 410 P.3d 1117 (2018); see also U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. Ineffective assistance of counsel claims are reviewed de novo. Lopez, 190 Wn.2d at 116-17. To determine whether counsel was ineffective, we apply the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficiency prejudiced him. Strickland, 466 U.S. at 687. We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

On appeal, Jackson asserts that his counsel misinterpreted relevant statutes. However, the record shows that counsel correctly recognized the limitations of RCW 9.94A.753(4), stating: "I can't rely on his ability to pay the restitution. The statute explicitly says that's not a reason." This accurately reflects the statute's express prohibition against reducing restitution based on an offender's inability to pay. Furthermore, Jackson claims on appeal that because restitution interest is distinct from the restitution amount, the interest qualifies as a modifiable "term and condition" and can be modified based on Jackson's inability to pay. Jackson fails to cite to any supporting authority for this premise. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." State v. Logan, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)). Also, at the time Jackson was sentenced, interest on restitution was required by statute and not merely imposed as a "term and condition." See State v. Ramos, 24 Wn. App. 2d 204, 227, 520 P.3d 65 (2022) (discussing former

RCW 10.82.090(1) (2018) as providing that restitution will bear interest from the date of judgment until paid, at the same rate as civil judgments). Jackson also, on appeal, completely disregards the existence of RCW 10.82.090 which expressly addresses the ways a court may reduce or waive the interest on restitution.

The interpretation by Jackson's counsel at the restitution hearing was not only consistent with the statutory language but also reflected a reasonable strategic understanding of the law. An attorney's performance is deficient if it falls "below an objective standard of reasonableness." State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). Jackson's counsel's performance at the restitution's hearing was not deficient. Without deficient performance, the claim of ineffective assistance necessarily fails.

Affirm.

Coburn, J.

WE CONCUR:

Feldman, J.

, ACJ